# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jade Riley Burch,

    Plaintiff

v.

HCA Healthcare, Inc., et al.,

    Defendants

Case No.: 2:25-cv-01408-JAD-MDC

**Order Denying Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction**

[ECF Nos. 11, 12]

    Pro se plaintiff Jade Riley Burch sues HCA Healthcare, Inc., Sunrise Hospital & Medical Center, LLC, MountainView Hospital, and Southern Hills Hospital & Medical Center for "systematic violations of federal emergency medical treatment law, disability discrimination statutes, and civil rights protections" related to Burch's treatment at those facilities.[1] She moves for a temporary-restraining order and preliminary injunction "to preserve her ability to obtain emergency and necessary hospital care at Defendants' facilities and to compel compliance with her duly notarized Psychiatric Advance Directive . . . ."[2] Because Burch doesn't properly support her motion or explain why she is likely to succeed on the merits of her claims, her injunction motions are denied.

## Discussion

    Temporary-restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[3] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely

---

[1] ECF No. 9 at 1 (amended complaint).

[2] ECF No. 11 at 1; ECF No. 12 at 1. Burch's motions for a temporary-restraining order and preliminary injunction are identical.

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[4]  The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[5]

Burch recites this standard in her injunction motions, but she fails to provide any analysis or argument explaining how she satisfies it—she merely states that she "meets all four factors" and contends that the nearly 200 pages of exhibits she's attached to her complaint[6] "show ongoing violations" of the Emergency Medical Treatment and Active Labor Act, the Americans with Disabilities Act, the Affordable Care Act, and "constitutional protections under 42 U.S.C. § 1983."[7]  But the burden is on Burch to analyze the facts and evidence she presents under the legal standards applicable to each of her claims and explain why those facts warrant a finding that she is likely to succeed on the merits of those claims.  This requires a detailed citation to specific pages.  Simply citing generally to exhibits and stating that they prove her claims is not sufficient to satisfy the Ninth Circuit's injunctive-relief standard.

Nor has Burch set out any argument explaining why or how she will face irreparable harm absent the relief she seeks.  She only states that she "faces continued seizure-related

---

[4] *Id.* at 20.

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[6] Those exhibits contain a mix of argument and medical records.  *See* ECF No. 9-2.  Exhibits should only contain evidence that supports facts alleged in pleadings or arguments made within the bounds of briefs.  The court will not consider arguments woven throughout exhibits.

[7] ECF No. 11 at 3.

medical emergencies without guaranteed safe care."[8]  Again, Burch doesn't provide sufficient information or analysis from which the court can conclude that she may be subjected to inadequate care in the future, what harm that might cause, and how the relief she seeks would prevent that harm.  So her injunction motions are denied.

## Conclusion

IT IS THEREFORE ORDERED that Jade Riley Burch's motions for a temporary-restraining order and preliminary injunction **[ECF Nos. 11, 12] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
August 8, 2025

---

[8] *Id.*

3