===============================================

# EXHIBIT M

# INDEX / SEPARATOR PAGE

===============================================

**\*\*\* START OF EXHIBIT M \*\*\***

**TITLE:**

**False TBI Diagnosis, Medical Fraud, and False Pretense of Care.**

**(Next Page: Formal White Cover Sheet)**

✓ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 19 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Jade Riley Burch,
Plaintiff,

v.

HCA Healthcare, Inc.; Sunrise Hospital & Medical Center, LLC; MountainView Hospital; and Southern Hills Hospital & Medical Center, Defendants.

Case No.: 2:25-cv-01408-JAD-MDC

# EXHIBIT M

## FALSE TBI DIAGNOSIS, MEDICAL FRAUD, AND FALSE PRETENSE OF MEDICAL CARE

Respectfully Submitted

Jade Riley Burch (Pro Se) | 222 Karen Ave Unit 1207 | Las Vegas, NV 89109

614-725-9452 | jaderburch@gmail.com

Prepared primarily by Plaintiff, with limited assistance from an AI tool, pursuant to Judge Couvillier's Standing Order

# EXHIBIT M – False TBI Diagnosis, Medical Fraud, and False Pretense of Medical Care

This exhibit demonstrates fraudulent and negligent conduct by Southern Hills Hospital (HCA Healthcare), including false diagnoses, false pretenses of medical care, and attempts to create a pretext for unnecessary treatment while ignoring the patient's actual medical conditions.

## 1. False TBI Diagnosis

On June 29, 2025, Southern Hills Hospital diagnosed Plaintiff with "DIFFUSE TBI WITH LOC STATUS UNKNOWN, INITIAL ENCOUNTER" despite clear contradictory medical evidence. This diagnosis was entered despite:

**CT Scan Evidence (June 28, 2025):**

• CT Brain without contrast performed at 15:03 hours • Report completed and signed by Dr. Brian Ellison at 17:21 hours • Clear finding: "No acute intracranial abnormality" • Results were available over 12 hours before TBI diagnosis was entered

**Timeline of Falsification:**

• June 28, 15:03 – CT scan performed • June 28, 17:21 – Normal results documented and signed • June 29 – False TBI diagnosis entered into medical record

This constitutes deliberate medical record falsification, as the TBI diagnosis directly contradicts documented radiographic evidence that was available to medical staff at the time of diagnosis entry

## 2. False Pretense of Medical Care

Southern Hills Hospital engaged in false pretenses by conducting diagnostic testing while simultaneously administering medically inappropriate treatments. Evidence includes:

**Contradictory Medical Management:**

• Performed comprehensive diagnostic workup (CT scan, EEG, multiple lab panels) • EEG results documented as "within normal limits" on June 28, 2025 • Concurrent administration of respiratory depressants (Lorazepam 2mg IV, Oxycodone) • Continued opioid and sedative prescriptions despite no documented pain complaints or seizure activity during hospitalization

### Substandard Care Indicators:

• Subtherapeutic Depakote level (42.3 µg/mL; normal range 50.0–100.0 µg/mL) • Severe hypertension (187/92 mmHg) inadequately addressed • Seizure activity documented but attributed to "conversion disorder" without proper neurological evaluation • Ignored critical vital signs despite lab testing and EEG

### Pattern of Neglect:

• Glucose monitoring in the 70–80 mg/dL range indicates patient was monitored, but symptoms were disregarded • Failed to treat or acknowledge respiratory distress and oxygen saturation in the 60s (See Exhibit E: Vital Signs Documentation) • Continued sedation despite mobility loss requiring walker support

## 3. Supporting Medical Evidence

### Diagnostic Reports:

• CT Brain Report (June 28, 2025): "No acute intracranial abnormality" – Dr. Brian Ellison • EEG Study (June 28, 2025): "Within normal limits" – Dr. Cyndi Tran • Laboratory Results (June 29, 2025): Subtherapeutic Depakote level documented

### Clinical Documentation:

• Neurology Consultation (June 28): PNES/epilepsy noted, no mention of TBI • Progress Notes (June 29): Neurology cleared patient for discharge • Vital Signs: Severe hypertension, oxygen desaturation (60s)

### Witness Documentation:

• Medical POA Porscha Ryan observed deliberate medical neglect • Audio recordings reveal staff dismissal of cyanosis as "normal" • Psychiatric Advance Directive (PAD), dated June 6, 2025, was ignored

## 4. Regulatory Violations

### EMTALA (42 U.S.C. §1395dd):

• Failure to provide appropriate medical screening and stabilization for hypertension (187/92 mmHg) and oxygen desaturation (60s, Exhibit E)

### ACA § 1557 (42 U.S.C. §18116):

• Discriminatory treatment based on disability and gender identity, evidenced by refusal to honor PAD and misclassification of psychiatric symptoms

### ADA Title III (42 U.S.C. §12182):

• Failure to provide reasonable accommodations for psychiatric disability and PAD recognition

### CMS Conditions of Participation (42 C.F.R. §482.13(e)):

• Failure to notify designated PAD agent (Porscha Ryan) and respect patient rights

# 5. Legal Significance

This exhibit establishes:

### Medical Record Falsification:

• The June 29 TBI diagnosis contradicts the June 28 imaging, demonstrating deliberate falsification

### Insurance Fraud:

• The false TBI diagnosis was entered into the medical record in a manner consistent with pretextual billing practices, suggesting fraudulent intent. Billing records will confirm upon discovery.

### Pattern of Misconduct:

• Includes falsified logs (See Exhibit Y: Observation Logs), missing restraint/observation logs (See Exhibit X: Missing Documentation), and false documentation (See Exhibit Q: Record Falsification)

### Civil Rights Violations:

- The false diagnosis and disregard of PAD rights implicate constitutional protections of autonomy and bodily integrity recognized in Cruzan v. Missouri, 497 U.S. 261 (1990), and constitute statutory violations under EMTALA, ADA, and ACA § 1557. To the extent state action is implicated through federal funding and regulatory mandates, 42 U.S.C § 1983 is triggered.

## Conclusion

The false TBI diagnosis, coupled with neglectful and harmful treatment, supports federal claims for fraud (18 U.S.C. §1347), obstruction (18 U.S.C §1512), and civil rights violations (42 U.S.C. §1983). This deliberate falsification is not an isolated error but part of the coordinated pattern of fraud and retaliation documented throughout Exhibits GG-PP

**Prepared by:** Jade Riley Burch
**Date:** Aug 18th, 2025
**Case Reference:** Medical Records – Southern Hills Hospital (June 28–29, 2025)

===========================================

# END SEPARATOR PAGE

===========================================

**\*\*\* END OF EXHIBIT \*\*\***