========================================

# EXHIBIT PP

# INDEX / SEPARATOR PAGE

========================================

## *** START OF EXHIBIT PP ***

## TITLE: MULT-HOSPITAL NETWORK & RICO ENTERPRISE

**(Next Page: Formal White Cover Sheet)**



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

**Jade Riley Burch,**
Plaintiff,

v.

**HCA Healthcare, Inc.; Sunrise Hospital & Medical Center, LLC; MountainView Hospital; and Southern Hills Hospital & Medical Center,**
Defendants.

**Case No.: 2:25-cv-01408-JAD-MDC**

# EXHIBIT PP

## MULTI-HOSPITAL NETWORK & RICO ENTERPRISE

Respectfully Submitted

Jade Riley Burch (Pro Se) | 222 Karen Ave Unit 1207 | Las Vegas, NV 89109

614-725-9452 | jaderburch@gmail.com

# EXHIBIT PP: MULTI-HOSPITAL NETWORK & RICO ENTERPRISE

## Criminal Enterprise Analysis – HCA Healthcare Network Conspiracy

## RICO ENTERPRISE ELEMENTS

### Enterprise Definition (18 U.S.C. § 1961)

HCA Healthcare Network qualifies as a RICO "Enterprise" under federal law: • ☑ **Ongoing Organization:** Multi-state healthcare corporation • ☑ **Common Purpose:** Healthcare delivery and profit maximization • ☑ **Continuity of Structure:** Established corporate hierarchy • ☑ **Interstate Commerce:** Operations across multiple states

### Enterprise Scope

| Component | Details | RICO Relevance | Source |
|---|---|---|---|
| Corporate Structure | HCA Healthcare, Inc. (Parent) | Enterprise leadership | SEC Form 10-K (2024) |
| Nevada Operations | Southern Hills Hospital & Medical Center | Primary crime scene | CMS Provider Database |
| Network Size | 191 hospitals, 2500 ambulatory sites, 20 states +UK (2025) | Interstate enterprise | HCA 2024 Annual Report |
| Annual Revenue | $70.6 billion (2024) | Economic impact | SEC Form 10-K, pg. 45 |
| Employee Count | 316,000 employees (2024) | Scope of organization | HCA Investor Relations |
| Medicare Billing | $17.7 billion annually (2024) | Federal program impact | CMS Utilization Files |

## RICO STATUTORY VIOLATIONS

These acts constitute violations of: • **18 U.S.C. § 1962(c)** – Operation of enterprise through pattern of racketeering • **18 U.S.C. § 1962(d)** – Conspiracy to commit racketeering

**Elements of § 1962(c):** • ☑ **Person:** HCA Healthcare, Inc. and individual actors • ☑ **Enterprise:** Multi-state healthcare network • ☑ **Pattern:** Multiple predicate acts across facilities and timeframes • ☑ **Racketeering Activity:** Healthcare fraud, civil rights violations, obstruction, witness retaliation

**Elements of § 1962(d):** • ☑ **Agreement:** Coordinated retaliation policies across facilities • ☑ **Knowledge:** Corporate awareness of systematic abuse protocols • ☑ **Participation:** Active engagement by multiple enterprise actors

# KNOWN ENTERPRISE ACTORS

## Individual Physicians

| Name | Role | Facility | Enterprise Action *(See Exhibits)* |
|---|---|---|---|
| Dr. Jonathan Yaghoobian, MD | Attending Physician | Southern Hills | Approved discharge while cognitively impaired *(Exhibit D)* |
| Dr. Cyndi Tran, DO | Neurology Attending | Southern Hills | Oversaw care involving PAD violation *(Exhibit D)* |
| Dr. Janita Sidhu, MD | Neurology Resident | Southern Hills | Listed in chart; no confirmed patient interaction *(Exhibit D)* |

## Corporate Actors

| Name/Entity | Role | Facility | Enterprise Action *(See Exhibits)* |
|---|---|---|---|
| Nursing Staff [Redacted] | Direct Care Providers | Southern Hills | Administered sedatives; excluded PAD agent *(Exhibits E, M)* |
| Name Unknown | 1:1 Observation Nurse | Southern Hills | Failed observation; no documentation *(to be identified via discovery) (Exhibits X, Y)* |
| Risk Management Officer | Corporate Rep | HCA Enterprise | Coordinated response after legal threat *(Exhibits Q, R)* |
| HCA Legal Department | Corporate Counsel | HCA Enterprise | Refused resolution; triggered escalation *(Exhibits Q, S)* |

**Enterprise Liability:** Each individual acted under corporate structure—**not in isolation.**

# PATTERN OF RACKETEERING ACTIVITY

**Legal Standard: 18 U.S.C. § 1961(5)**

A "pattern" requires: • Two or more predicate acts within 10 years • Demonstrated relatedness and continuity of conduct

**Continuity:** The pattern demonstrates both closed continuity (April–July 2025 sequence, *see Exhibit Q*) and open continuity, as HCA's network-wide policies remain in effect and risk future identical violations *(see Exhibit Z-1)*. **These acts occurred at different facilities, under different staff, within a compressed 90-day window, showing coordination beyond chance.**

**Predicate Acts (18 U.S.C. § 1961(1))**

1. **Healthcare Fraud (18 U.S.C. § 1347)**
    - Southern Hills, June 28, 2025: Billed CPT 99291 (critical care) for 37 minutes despite no interventions *(See Exhibit EE)*
    - MountainView: Unnecessary sedation-induced therapy billed post-discharge
2. **Civil Rights Violations (18 U.S.C. § 242)**
    - Denial of due process and PAD enforcement across facilities *(Exhibits D, BB)*
3. **Conspiracy Against Rights (18 U.S.C. § 241)**
    - Network-wide retaliation pattern *(Exhibit Q)*
4. **Obstruction of Justice (18 U.S.C. § 1512)**
    - Missing orders, falsified 1:1 logs *(Exhibits X, Y)*
5. **Retaliation Against Witness (18 U.S.C. § 1513)**
    - Targeting of PAD agent after legal notices *(Exhibit Q)*
6. **False Healthcare Records (18 U.S.C. § 1035)**
    - Manufactured entries to support billing, restrain concealment *(Exhibit X)*
7. **Controlled Substance Misuse (21 U.S.C. § 843)**
    - Use of B52 cocktail without clinical justification *(Exhibit JJ)*

---

# MULTI-HOSPITAL RETALIATION TIMELINE

### April–July 2025

• **April:** PE misdiagnosis at Sunrise *(Exhibit B)* • **May 1:** Confirmed PE at Summerlin *(Exhibit C)* • **May 29:** Retaliation via B52 sedation *(Exhibit D)* • **June 28–29:** Retaliation at Southern Hills *(Exhibits E, M, X)* • **Post-June:** Drugged discharge at MountainView *(Exhibits A, BBB)*

**Pattern:** Escalating enterprise retaliation following legal threats

*Each retaliatory act escalated in severity, demonstrating coordinated enterprise intent rather than isolated malpractice.*

---

# RICO DAMAGES CALCULATION

## Individualized Plaintiff Damages

| Visit/Event | Estimated Damages | Description |
|---|---|---|
| PE Misdiagnosis | $500,000 | Original malpractice |
| Southern Hills Torture | $2,000,000 | Restraints, PAD violations, sedation |
| Continued Retaliation | $1,750,000 | Ongoing abuse at MountainView |

**Subtotal** $4,250,000

**Treble under § 1964(c)** $12,750,000   **Treble RICO damages**

## Enterprise-wide Class Damages

*Based on comparable enterprise-scale cases, estimated damages are $25M per facility, conservatively multiplied across three implicated Nevada facilities, for $75M; trebled under 18 U.S.C. § 1964(c) to $225M.*

*Plaintiff reserves the right to amend based on discovery. Totals exclude punitive damages and class-wide harm.*

---

# FEDERAL CRIMINAL & REGULATORY REFERRALS

## Agencies Involved

- **FBI:** Enterprise investigation under 18 U.S.C. § 1962 • **DOJ Civil Rights:** § 242 constitutional violations • **HHS-OIG:** Healthcare fraud & penalties • **CMS:** Program fraud and decertification • **DEA:** Controlled substance misuse • **SEC:** Failure to disclose enterprise-wide liability and regulatory exposure in public filings, constituting investor fraud • **Nevada AG / DAs:** Civil and criminal coordination

---

# COUNT XV – PROVISIONAL CLASS ALLEGATION (FRCP 23)

Plaintiff alleges systemic misconduct justifying class treatment under Fed. R. Civ. P. 23(b)(3):

**Class Definition (Proposed):**

All HCA patients nationwide subjected to restraints, chemical sedation, or PAD violations between Jan 2023–present.

**Certification Factors:**

• **Numerosity:** 9.7M ER visits/year; 2M+ psychiatric encounters • **Commonality:** Enterprise-wide policies and patterns • **Typicality:** Plaintiff's claims typical of other victims • **Adequacy:** Plaintiff and witnesses are capable representatives

*Class allegation is pled provisionally to preserve rights pending discovery of enterprise-wide patient harm.*

*This preserves Plaintiff's right to seek class certification without prematurely requesting certification before discovery.*

*Plaintiff will amend complaint and file a separate motion for certification after discovery confirms systemic exposure.*

# DECLARATION

I, Jade Riley Burch, declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 18th day of August, 2025, in Las Vegas, Nevada.

/s/ Jade Riley Burch

**Jade Riley Burch**
Plaintiff, Pro Se
222 Karen Ave, Unit 1207
Las Vegas, NV 89109
jaderburch@gmail.com
(614) 725-9452

==========================================

# END SEPARATOR PAGE

==========================================

*** END OF EXHIBIT ***