==========================================

# EXHIBIT DD

# INDEX / SEPARATOR PAGE

==========================================

## *** START OF EXHIBIT DD ***

## TITLE: WITNESS DECLARATION PHYSICAL RESTRAINTS AND ABUSE AT SOUTHERN HILLS HOSPITAL

## (Next Page: Formal White Cover Sheet)



FILED ✓    RECEIVED ___
ENTERED ___    SERVED ON ___
COUNSEL/PARTIES OF RECORD

AUG 19 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

**Jade Riley Burch,**
Plaintiff,

v.

**HCA Healthcare, Inc.; Sunrise Hospital & Medical Center, LLC;
MountainView Hospital; and Southern Hills Hospital & Medical Center,**
Defendants.
**Case No.: 2:25-cv-01408-JAD-MDC**

# EXHIBIT DD
## Witness Declaration Physical Restraints and Abuse at Southern Hills Hospital

Respectfully Submitted

Jade Riley Burch (Pro Se) | 222 Karen Ave Unit 1207 | Las Vegas, NV 89109

614-725-9452 | jaderburch@gmail.com

Prepared primarily by Plaintiff, with limited assistance from an AI tool, pursuant to Judge Couvillier's Standing Order.

1    WITNESS DECLARATION OF PORSCHA RYAN

2    Pursuant to 28 U.S.C. § 1746 (Unsworn Declaration Under Penalty of Perjury)

3    ———————————————————————————————————

4    I, Porscha Ryan, declare as follows:

5    ———————————————————————————————————

6    **1. WITNESS QUALIFICATIONS**

7    I am over the age of 18 and competent to testify to the matters set forth herein. I am a resident of

8    Clark County, Nevada, and have personal knowledge of all facts stated in this declaration.

9    ———————————————————————————————————

10   **2. LEGAL AUTHORITY AND PRESENCE**

11   I am the designated **Medical Power of Attorney and PAD Agent** for Jade Riley Burch, as

12   established by a notarized **Durable Medical Power of Attorney and Psychiatric Advance**

13   **Directive (PAD)** executed prior to June 28, 2025. I was physically present at **Southern Hills**

14   **Hospital** with Ms. Burch during her admission on **June 28–29, 2025.**

15   ———————————————————————————————————

16   **3. VIOLATION OF ADVANCE DIRECTIVE RIGHTS**

1

17  During the course of that admission, I was **never consulted** by hospital staff regarding Jade's

18  medical or psychiatric care, despite my legal authority. I attempted multiple times to speak with

19  nurses and physicians but was repeatedly:

20  • **Ignored** when presenting the PAD documentation

21  • **Dismissed** when explaining my legal authority as her designated agent

22  • **Told staff were "too busy"** to review or acknowledge the advance directive

23  Despite presenting Jade's PAD and explaining my legal authority under **Nevada Revised**

24  **Statutes Chapter 449A,** staff failed to acknowledge or comply with the directive's requirements.

25  _____

26  **4. UNLAWFUL RESTRAINT APPLICATION**

27  Jade was kept in **physical restraints continuously for over 24 hours** without proper

28  justification or documentation. I witnessed:

29  • Nurses applying restraints **without her request or consent**

30  • **No behavioral indication** requiring restraint use

31  • **No visible documentation** or physician orders posted in the room

32  When I questioned the restraints, a staff member stated it was "doctor's orders," yet **no doctor**

33  **had spoken to us or visited her for over a day.**

34  _____

35  **5. EMERGENCY RESPONSE DELAYS**

2

36   Jade experienced **multiple seizures** during her stay. During these medical emergencies:

37   • I pressed the call button or went into the hallway seeking help

38   • **Response time was consistently 5–7 minutes** before nursing staff arrived

39   • These delays occurred **even when Jade's lips were visibly blue (cyanosis)**

40   • **Oxygen levels appeared dangerously low** during these episodes

41   • Staff only placed her on supplemental oxygen **after I raised concerns about her**

42   appearance

43   ───────────────────────────────────────────────

## 44   6. DANGEROUS SEDATION AND DISCHARGE

45   I personally observed that Jade was:

46   • **Heavily sedated** throughout her stay, despite clear contraindications and Jade's

47   documented medication sensitivities in her PAD

48   • **Confused and disoriented** to time, place, and circumstances

49   • **Unable to walk without assistance** due to medication effects

50   • Experiencing **dramatic oxygen level fluctuations**

51   ───────────────────────────────────────────────

## 52   7. UNSAFE DISCHARGE WITHOUT COORDINATION

53   At no point did hospital staff coordinate Jade's discharge with me, despite my status as her

54   **Medical Power of Attorney and PAD Agent**. Critical discharge failures included:

3

55   • Jade was **discharged while still visibly impaired** from sedation

56   • **No neurologic clearance** was performed prior to release

57   • **No psychiatric evaluation** was conducted despite her PAD status

58   • **No consultation** with me regarding post-discharge care planning

59   • I was forced to **drive her home** in her impaired condition

60   ───────────────────────────────────────────────

61   **8. REGULATORY VIOLATIONS**

62   Hospital staff's conduct violated:

63   • **42 C.F.R. § 482.13** (Patient Rights regulations)

64   • **42 C.F.R. § 482.43** (Discharge planning requirements)

65   • **Nevada Revised Statutes Chapter 449A** (Advance directive recognition)

66   • **Section 1557 of the Affordable Care Act** (disability-based discrimination for denial of

67   PAD accommodation)

68   • **Section 504 of the Rehabilitation Act** (failure to provide reasonable accommodations

69   for psychiatric disability)

70   As interpreted in **CMS Manual Pub. 100-07, Appendix A – Survey Protocol, Regulations**

71   **and Interpretive Guidelines for Hospitals.**

72   ───────────────────────────────────────────────

73   **9. CONCLUSION**

4

74  I affirm that Jade's **Psychiatric Advance Directive was not honored** and that hospital staff

75  failed to involve me in any meaningful way regarding her care, despite clear legal documentation

76  of my authority. Their conduct left Jade vulnerable, medically unstable, and at continued risk due

77  to improper sedation, unlawful restraints, and unsafe discharge practices.

78  _____

79  I declare under penalty of perjury under the laws of the United States that the foregoing is true

80  and correct.

81  **Executed on this 30th day of July, 2025, in Las Vegas, Nevada.**

82  **Signature:**

83  _____

84  **Printed Name: Porscha Ryan**

85  **Medical Power of Attorney and PAD Agent for Jade Riley Burch**

86  _____

87  **NOTARY ACKNOWLEDGMENT – STATE OF NEVADA**

88  **State of Nevada**

89  **County of Clark**

90  On this 30th day of July, 2025, before me, the undersigned Notary Public, personally appeared

91  **Porscha Ryan**, known to me (or satisfactorily proven) to be the person whose name is

92    subscribed to the foregoing instrument, and acknowledged that she executed the same for the

93    purposes therein stated.


94    Notary Public Signature:

95    _____

96    Printed Name:

97    _____ Linda M Abrams _____

98    My Commission Expires:

99    _____ Sept 3rd 2027 _____


100    [NOTARY SEAL]

        Linda M Abrams
        Notary Public - State of Nevada
        County of Clark
        APPT. NO. 19-6625-01
        My Appt. Expires: Sept. 3, 2027

101

6

================================================

# END SEPARATOR PAGE

================================================

## *** END OF EXHIBIT ***