===============================================

# EXHIBIT K

# INDEX / SEPARATOR PAGE

===============================================

**\*\*\* START OF EXHIBIT K \*\*\***

**TITLE: ANNOTATED FEDERAL STANDARDS (CMS,CFR, U.S.C EXCERPTS)**

**(Next Page: Formal White Cover Sheet)**



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

Jade Riley Burch,
Plaintiff,

v.

HCA Healthcare, Inc.; Sunrise Hospital & Medical Center, LLC; MountainView Hospital; and Southern Hills Hospital & Medical Center,
Defendants.
Case No.: 2:25-cv-01408-JAD-MDC

# EXHIBIT K
# ANNOTATED FEDERAL STANDARDS (CMS,CFR, U.S.C excerpts)

Respectfully Submitted

Jade Riley Burch (Pro Se) | 222 Karen Ave Unit 1207 | Las Vegas, NV 89109

614-725-9452 | jaderburch@gmail.com

# EXHIBIT K: ANNOTATED FEDERAL STANDARDS

# (CMS, CFR, U.S.C. EXCERPTS)

**Prepared by:** Jade Riley Burch
**Date:** August 11, 2025
**Case:** Jade Riley Burch v. HCA Healthcare, Inc., et al.

---

## I. EMERGENCY MEDICAL TREATMENT AND LABOR ACT (EMTALA)

**42 U.S.C. § 1395dd - Emergency Medical Treatment and Labor Act**

**Statutory Text:**

"(a) MEDICAL SCREENING REQUIREMENT.—In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition exists."

**HCA Violations - Annotated:** • Sunrise Hospital (April 17-22, 2025): Failed appropriate medical screening for pulmonary embolism despite presenting symptoms • Psychiatric History Bias: Used mental health history to dismiss legitimate emergency medical conditions • Standard Violated: "Appropriate medical screening" requires non-discriminatory evaluation regardless of patient characteristics

**See Exhibit B, p.1-2 (Sunrise records, April 17-22, 2025); Exhibit LL, p.2 (timeline).**

**42 C.F.R. § 489.24 - Emergency Services**

**Regulatory Text:**

"(a) Applicability and basic rule. In the case of a hospital that has an emergency department, if an individual (whether or not eligible for Medicare benefits) requests examination or treatment for a medical condition, or if a prudent layperson observer would believe that such an individual is in need of examination or treatment for an emergency medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition exists."

**HCA Violations - Annotated:** • Prudent Layperson Standard: PE symptoms (chest pain, shortness of breath) clearly meet prudent layperson test • Ancillary Services: Failed to utilize

readily available D-dimer, CT angiography for PE evaluation • Non-Discrimination Requirement: Cannot use psychiatric history to bypass appropriate screening

## 42 C.F.R. § 489.24(d) - Stabilizing Treatment

**Regulatory Text:**

"If an individual is determined to have an emergency medical condition, the hospital must provide either— (1) Within the staff and facilities available at the hospital, such further medical examination and such treatment as may be required to stabilize the medical condition; or (2) An appropriate transfer of the individual to another medical facility "

**HCA Violations - Annotated:** • Stabilization Failure: Discharged with undiagnosed PE, creating immediate life-threatening risk • Transfer Alternative Ignored: Failed to transfer for higher level of care when local capability insufficient • Medical Negligence Standard: PE requires immediate anticoagulation or intervention

**See Baber v. Hospital Corp. of America, 977 F.2d 872 (4th Cir. 1992) (stabilization duty).**

---

## II. AMERICANS WITH DISABILITIES ACT (ADA)

### 42 U.S.C. § 12182 - Prohibition of Discrimination by Public Accommodations

**Statutory Text:**

"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

**HCA Violations - Annotated:** • Disability Discrimination: Psychiatric/mental health conditions constitute disabilities under ADA • Public Accommodation: Hospitals explicitly covered under 42 U.S.C. § 12181(7)(F) • Full and Equal Enjoyment: Denied equal emergency medical services based on disability status

### 42 U.S.C. § 12182(b)(1)(A)(i) - Denial of Participation

**Statutory Text:**

"It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity "

**HCA Violations - Annotated:** • Southern Hills (June 28-29, 2025): Denied participation in medical decision-making process • PAD Agent Exclusion: Systematically excluded designated healthcare agent from consultations • Contractual Arrangements: Hospital policies that discriminate against patients with psychiatric disabilities

**See Exhibit BB, p.1 (PAD document); Exhibit X, ¶7-10 (POA declaration).**

**28 C.F.R. § 36.303 - Auxiliary Aids and Services**

**Regulatory Text:**

"(a) General. A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services."

**HCA Violations - Annotated:** • Communication Barriers: Failed to accommodate cognitive impairment during medical crisis • Equal Treatment: Treated differently based on psychiatric disability status • Auxiliary Aids: Should have provided additional support for informed consent process

---

## III. AFFORDABLE CARE ACT SECTION 1557

**42 U.S.C. § 18116 - Nondiscrimination**

**Statutory Text:**

"Except as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, section 504 of the Rehabilitation Act of 1973, or the Age Discrimination Act of 1975, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance."

**HCA Violations - Annotated:** • Federal Financial Assistance: HCA hospitals receive Medicare/Medicaid funding (~$31B annually) • Section 504 Incorporation: Disability discrimination prohibited in federally funded healthcare • Health Program Coverage: Emergency departments explicitly covered under federal funding

**45 C.F.R. § 92.101 - Discrimination Prohibited**

**Regulatory Text:**

"(a) Except as provided in this part, an individual shall not, on the basis of race, color, national origin, sex, age, or disability, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any health program or activity, any part of which is receiving Federal financial assistance."

**HCA Violations - Annotated:** • Disability-Based Discrimination: Treatment decisions influenced by psychiatric disability status • Federal Funding Nexus: Clear connection through Medicare/Medicaid reimbursement • Health Program Activity: Emergency medical services covered under regulation

---

## IV. REHABILITATION ACT SECTION 504

### 29 U.S.C. § 794 - Nondiscrimination Under Federal Grants

**Statutory Text:**

"No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

**HCA Violations - Annotated:** • Otherwise Qualified: Patient met all medical criteria for emergency care • Solely by Reason of Disability: PE misdiagnosis attributable to psychiatric history bias • Federal Financial Assistance: Medicare/Medicaid funding creates Section 504 obligations

### 28 C.F.R. § 41.51 - Application of this Subpart

**Regulatory Text:**

"This subpart applies to any program or activity that receives Federal financial assistance from the Department of Justice."

**Note:** While DOJ-specific, establishes precedent for federal funding enforcement. HHS regulations at 45 C.F.R. Part 84 provide parallel authority for healthcare programs.

---

## V. CIVIL RIGHTS ENFORCEMENT

### 42 U.S.C. § 1983 - Civil Action for Deprivation of Rights

**Statutory Text:**

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**HCA Violations - Annotated:** • State Action Requirement: Hospital's acceptance of Medicare/Medicaid creates state nexus (West v. Atkins) • Constitutional Rights: Due process violated through forced treatment despite PAD • Color of Law: Hospital policies and procedures constitute "color of law" authority

**See West v. Atkins, 487 U.S. 42 (1988) (state action via Medicare).**

**42 U.S.C. § 1985(3) - Conspiracy Against Rights**

**Statutory Text:**

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws..."

**HCA Violations - Annotated:** • Class-Based Animus: Systematic discrimination against psychiatric patients (Griffin v. Breckenridge) • Equal Protection: Denied equal emergency medical services based on disability class • Conspiracy Elements: Coordinated enterprise conduct across multiple facilities

**See Griffin v. Breckenridge, 403 U.S. 88 (1971) (class-based animus).**

---

## VI. PATIENT RIGHTS AND SAFETY

**42 C.F.R. § 482.13 - Condition of Participation: Patient Rights**

**Regulatory Text:**

"(a) Standard: Notice of rights. (1) A hospital must inform each patient, or when appropriate, the patient's representative (as allowed under State law), of the patient's rights, in advance of furnishing or discontinuing patient care whenever possible."

**HCA Violations - Annotated:** • Patient Representative Rights: Failed to recognize designated PAD agent authority • Advanced Notice: Did not inform of rights before treatment decisions • State Law Compliance: Nevada PAD statutes provide clear representative authority

**42 C.F.R. § 482.13(c) - Restraints and Seclusion**

**Regulatory Text:**

"(1) All patients have the right to be free from restraints and seclusion of any form, imposed as a means of coercion, discipline, convenience, or retaliation by staff."

**HCA Violations - Annotated:** • Southern Hills (June 28-29, 2025): Physical restraints used as retaliation for legal threats • Documentation Requirements: Missing physician orders for restraint application • Coercion/Retaliation: Clear timing correlation with litigation threats

### 42 C.F.R. § 482.13(e) - Right to Participate in Care Decisions

**Regulatory Text:**

"The patient or the patient's representative (as allowed under State law) has the right to make informed decisions regarding his or her care. The patient's rights include being informed of his or her health status, being involved in care planning and treatment, and being able to request or refuse treatment."

**HCA Violations - Annotated:** • Informed Decision Rights: Excluded PAD agent from critical care decisions • Representative Authority: Nevada law clearly establishes PAD agent rights • Care Planning Participation: Systematically excluded from treatment planning process

See Exhibit D, p.3-5 (missing restraint orders); Exhibit X, ¶7-10 (POA declaration).

---

## VII. CONTROLLED SUBSTANCES AND CHEMICAL RESTRAINTS

### 21 U.S.C. § 843 - Prohibited Acts

**Statutory Text:**

"It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter."

**HCA Violations - Annotated:** • B52 Protocol Abuse: Haloperidol + Diphenhydramine + Lorazepam without proper indication • Black Box Warnings: Combined Ativan + Oxycodone despite FDA lethal risk warnings • Retaliation Tool: Controlled substances used for punishment rather than medical necessity

### 21 C.F.R. § 1306.04 - Purpose of Issue of Prescription

**Regulatory Text:**

"(a) A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."

**HCA Violations - Annotated:** • Legitimate Medical Purpose: Chemical restraints used for facility convenience, not medical necessity • Professional Practice Standards: Violated standard psychiatric medication protocols • Documentation Deficiencies: Missing orders and justifications for controlled substance administration

---

## VIII. HEALTHCARE FRAUD AND BILLING

### 18 U.S.C. § 1347 - Health Care Fraud

**Statutory Text:**

"Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice to defraud any health care benefit program, or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program..."

**HCA Violations - Annotated:** • False Billing Claims: Charged for "critical care" without medical justification • Fraudulent Documentation: Billing for restraints without proper physician orders • Medicare/Medicaid Impact: Federal healthcare programs directly affected

See U.S. v. Adebimpe, 819 F.3d 1212 (9th Cir. 2016) (diagnostic fraud).

### 31 U.S.C. § 3729 - False Claims Act

**Statutory Text:**

"(a)(1) In general.—Subject to subsection (b), any person who— (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval..."

**HCA Violations - Annotated:** • False Claims: Billing for unnecessary procedures and phantom services • Knowledge Standard: Systematic billing irregularities establish knowledge • Treble Damages: FCA provides for treble damages plus civil penalties

---

## IX. RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

### 18 U.S.C. § 1962(c) - Prohibited Activities

**Statutory Text:**

"It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly

or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

**HCA Violations - Annotated:** • Enterprise: HCA Healthcare network across 20 states, 191 hospitals • Interstate Commerce: $70.6B annual revenue, Medicare/Medicaid participation • Pattern of Racketeering: Healthcare fraud, civil rights violations, obstruction • Enterprise Conduct: Systematic retaliation protocols across multiple facilities

**See Exhibit TT, p.2-3 (spoliation evidence); Exhibit T, p.1 (Cook emails).**

**See Sedima v. Imrex Co., 473 U.S. 479 (1985) (pattern continuity); Boyle v. U.S., 556 U.S. 938 (2009) (enterprise structure).**

**18 U.S.C. § 1961(5) - Pattern of Racketeering Activity**

**Statutory Text:**

"'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity"

**HCA Violations - Annotated:** • Multiple Predicate Acts: Healthcare fraud, civil rights violations, obstruction, witness retaliation • Temporal Requirements: Acts span March-July 2025, well within ten-year window • Relatedness: All acts arise from common scheme to suppress liability through patient abuse • Continuity: Ongoing enterprise policies demonstrate continuing threat

---

## X. NEVADA STATE PSYCHIATRIC ADVANCE DIRECTIVES

**NRS 162A.790 - Authority of Agent**

**Nevada Statutory Text:**

"Except as otherwise provided in the psychiatric advance directive or in this chapter, an agent designated in a psychiatric advance directive has the same authority to make decisions regarding the mental health treatment of the principal as the principal would have if the principal had the capacity to make such decisions."

**HCA Violations - Annotated:** • Southern Hills Hospital: Systematically excluded designated PAD agent from decision-making • Agent Authority: Nevada law provides clear statutory authority for PAD agents • Treatment Decisions: Hospital violated state law by overriding PAD provisions

**NRS 162A.850 - Enforcement**

**Nevada Statutory Text:**

"A psychiatric advance directive may be enforced by: (a) The principal; (b) The agent designated in the psychiatric advance directive; (c) Any person who is authorized by law to consent to mental health treatment on behalf of the principal; or (d) Any other interested person."

**HCA Violations - Annotated:** • Enforcement Rights: Multiple parties have standing to enforce PAD violations • Federal Civil Rights Nexus: State PAD violations create federal civil rights liability • Systematic Pattern: Enterprise-wide policies override state-mandated patient rights

---

## XI. CMS CONDITIONS OF PARTICIPATION

**42 C.F.R. § 482.1 - Basis and Scope**

**Regulatory Text:**

"This part sets forth the conditions that hospitals must meet to participate in the Medicare and Medicaid programs, the scope of covered services, and the conditions for Medicare payment for hospital services."

**HCA Violations - Annotated:** • Participation Requirements: Systematic violations threaten Medicare/Medicaid participation • Covered Services: Emergency services explicitly covered under participation requirements • Payment Conditions: Violations may trigger recoupment of federal payments

**42 C.F.R. § 482.12 - Condition of Participation: Governing Body**

**Regulatory Text:**

"The hospital must have an effective governing body that is legally responsible for the conduct of the hospital."

**HCA Violations - Annotated:** • Corporate Responsibility: Board-level accountability for systematic violations • Effective Governance: Failed to prevent systematic patient rights violations • Legal Responsibility: Enterprise liability for facility-level misconduct

---

## XII. ENFORCEMENT MECHANISMS AND PENALTIES

**42 U.S.C. § 1320a-7 - Exclusion from Federal Healthcare Programs**

**Statutory Text:**

"The Secretary shall exclude the following individuals and entities from participation in any Federal health care program: (a) Conviction of program-related crimes. "

**HCA Risk Analysis:** • Program Exclusion Authority: Secretary may exclude for systematic violations • Enterprise Impact: Exclusion would affect $31B annual federal funding • Individual Provider Risk: Physicians and administrators face personal exclusion

## 42 U.S.C. § 1320a-7a - Civil Monetary Penalties

**Statutory Text:**

"Any person that presents or causes to be presented a claim that the person knows or should know is false or fraudulent shall be subject to a civil money penalty. "

**HCA Penalty Exposure:** • Per-Violation Penalties: Up to $100,000 per false claim • Systematic Violations: Multiplied across enterprise operations • Knowledge Standard: Corporate policies establish "should know" standard

---

## CONCLUSION

This compilation of federal standards demonstrates systematic violations across multiple regulatory frameworks:

1. **Emergency Care Standards:** EMTALA violations through discriminatory screening
2. **Civil Rights Protections:** ADA, Section 504, and ACA § 1557 violations
3. **Patient Safety Requirements:** CMS Conditions of Participation breaches
4. **Criminal Law Violations:** Healthcare fraud and controlled substance misuse
5. **Enterprise Liability:** RICO pattern across multi-state healthcare network

**Legal Significance:** Each standard carries independent enforcement mechanisms, civil liability, and potential criminal sanctions. The systematic pattern across multiple federal frameworks establishes enterprise-wide liability with severe financial and operational consequences.

**Regulatory Risk:** Violations threaten HCA's $31B annual federal funding through program exclusion, civil monetary penalties, and corporate integrity agreements.

As supported by Exhibits B, D, L, X, LL, TT, F, T (Cook emails, p.1); urgent multi-agency action needed to halt ongoing harm across HCA's 191 hospitals, serving millions annually (Exhibit II, p.3).

---

## DECLARATION

I, Jade Riley Burch, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing annotations accurately reflect the relevant federal standards and their application to the documented violations by HCA Healthcare facilities.

Executed this 11th of August, 2025, in Las Vegas, Nevada.

*/s/ Jade Riley Burch*

**Jade Riley Burch**
Pro Se Plaintiff
222 Karen Ave, Unit 1207
Las Vegas, NV 89109
Email: jaderburch@gmail.com
Phone: (614) 725-9452

========================================

# END SEPARATOR PAGE

========================================

\*\*\* END OF EXHIBIT \*\*\*