============================================

# EXHIBIT TT

# INDEX / SEPARATOR PAGE

============================================

## *** START OF EXHIBIT TT ***

## TITLE: SPOILATION, FALSIFIED RECORDS, MISSING CRITICAL DOCUMENTATION 48 HOUR OBSTRUCTION PATTERN

**(Next Page: Formal White Cover Sheet)**

```
✓ FILED          ___ RECEIVED
___ ENTERED      ___ SERVED ON
          COUNSEL/PARTIES OF RECORD

         AUG 19 2025

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

**Jade Riley Burch,**
Plaintiff,

v.

**HCA Healthcare, Inc.; Sunrise Hospital & Medical Center, LLC; MountainView Hospital; and Southern Hills Hospital & Medical Center,**
Defendants.
**Case No.: 2:25-cv-01408-JAD-MDC**

# EXHIBIT TT
**Spoilation, Falsified Records and Missing Critical Documentation 48 Hour Obstruction Pattern (Southern Hills)**

Respectfully Submitted

Jade Riley Burch (Pro Se) | 222 Karen Ave Unit 1207 | Las Vegas, NV 89109

614-725-9452 | jaderburch@gmail.com

**EXHIBIT TT - Spoilation, Falsified Records and Missing Critical Documentation 48 Hour Obstruction Pattern (Southern Hills)**

**Plaintiff:** Jade Riley Burch
**Facility:** Southern Hills Hospital (HCA Healthcare)
**Dates of Incident:** June 28–29, 2025

---

### I. SUMMARY OF MISSING CRITICAL RECORDS

Southern Hills Hospital failed to produce multiple legally required medical records associated with Plaintiff's restraint protocols and high-risk interventions during the June 28–29, 2025 admission. Despite severe neurological symptoms, chemical sedation, and the application of physical restraints, the following documentation is entirely absent from the chart:

- No restraint flowsheet or physician order for the application of physical restraints
- No informed consent documentation for chemical sedation, despite high-risk pharmacologic intervention
- No restraint monitoring logs or nursing safety assessments, as mandated by federal law under 42 CFR § 482.13(e)[1]

---

[1] **42 CFR § 482.13(e):** "Restraint or seclusion may only be imposed to ensure the immediate physical safety... and must be discontinued at the earliest possible time." **Application:** No orders/justification despite restraints. **Source:** https://www.ecfr.gov/current/title-42/chapter-IV/subchapter-G/part-482/subpart-B/section-482.13

*All sources verified August 11, 2025*

- No physician orders authorizing Lorazepam (B52) or related chemical restraint protocols
- No 1:1 sitter or continuous observation documentation, despite the presence of a sitter witnessed by Plaintiff and her Medical POA
- No discharge planning records for an impaired, sedated patient requiring assistive devices and safety measures

**Temporal Context:** These systematic documentation omissions occurred within 48 hours of Plaintiff's pre-litigation communications to HCA Risk Management, suggesting coordinated evidence suppression rather than administrative oversight. *(See Exhibit LL Timeline for 48-hour correlation with threats to Cook (Exhibit T, p. 1))*

---

### II. WITNESS TESTIMONY vs. MEDICAL RECORD CONTRADICTIONS

While basic diagnostic studies (CT, EEG) appear in the record, witness testimony directly contradicts the charted narrative of physician involvement and patient care:

**Documentation vs. Reality Analysis**

| Documented Care | Observed Reality | Evidence Source | Legal Implication |
| --- | --- | --- | --- |
| Multiple physician consultation notes | No physicians entered room | POA Declaration ¶7 for no physicians | Fraudulent billing (§1347) |
| Restraint orders implied | No orders/monitoring logs | Physical restraint witnessed by POA | Federal violation (§482.13) |
| 1:1 observation documented | Sitter failed to intervene | Medical emergency witnessed by POA | Negligent monitoring |
| Comprehensive care narrative | Minimal actual physician contact | Witness testimony (POA Declaration) | Systematic falsification |

**Physical Restraint Documentation Gap:**

- **Physical Reality:** Plaintiff was restrained with a waist belt, witnessed by Medical POA
- **Medical Records:** Complete absence of orders or monitoring logs
- **Federal Violation:** Direct violation of 42 CFR § 482.13(e) requirements for physician authorization and continuous nursing monitoring

**Monitoring Protocol Discrepancies:**

- **Witness Observation:** 1:1 sitter present but failed to provide intervention during neurological emergencies
- **Documentation:** No records of sitter assignments, monitoring protocols, or intervention documentation

These eyewitness accounts, particularly from Porscha Ryan (Medical POA) with legal authority to monitor care, confirm that the hospital's documentation systematically misrepresents the actual care rendered and establishes evidence of systematic falsification of physician encounters and fraudulent billing practices.

---

## III. LEGAL INFERENCE OF SPOLIATION AND FRAUDULENT DOCUMENTATION

### A. Prima Facie Spoliation Evidence

The selective absence of restraint orders, sedation consent forms, and monitoring logs, combined with witness testimony contradicting medical record entries, establishes prima facie evidence of spoliation and fraudulent recordkeeping under federal evidentiary standards.

### B. Pattern of Legally Sensitive Omissions

The missing records pertain specifically to the most legally sensitive interventions:

- Physical restraints implemented without physician authorization (42 CFR § 482.13(e) violations)
- Chemical sedation (B52 protocol) administered without informed consent (federal patient rights violations)
- Failures in patient monitoring during documented medical crises (EMTALA stabilization failures)
- Unsafe and premature discharge of a neurologically impaired patient (standard of care violations)

### C. Adverse Inference Framework

This pattern of missing and falsified documentation permits the Court to draw adverse inferences under the spoliation doctrine, including findings that:

- Restraints and sedation were applied unlawfully without proper medical justification
- Critical safety and monitoring records were intentionally withheld or destroyed to conceal violations
- Physician documentation was falsified to retroactively simulate proper care and enable fraudulent billing
- Systematic evidence suppression was coordinated to obstruct federal civil rights litigation

---

## IV. SYSTEMIC PATTERN OF DOCUMENTATION MANIPULATION

### A. Institutional Strategy Analysis

Southern Hills' conduct demonstrates more than isolated clerical oversight—it reveals a deliberate institutional strategy to:

1. Evade accountability for improper or unauthorized interventions
2. Generate billable physician services that were never performed (healthcare fraud)
3. Suppress evidence of federal patient rights violations and safety lapses
4. Construct false appearance of compliant care, designed to deter litigation and regulatory scrutiny

### B. Corporate Coordination Evidence

**Timeline Correlation:** The systematic documentation omissions occurred within 48 hours of Plaintiff's litigation threats to HCA Risk Management Director Cinthya Cook, suggesting coordinated enterprise-level evidence suppression rather than facility-level administrative errors.

**Professional Expertise Required:** The sophisticated pattern of selective omissions—maintaining routine records while systematically eliminating evidence of controversial

interventions—demonstrates coordination by personnel with detailed knowledge of regulatory requirements and legal vulnerabilities.

This misconduct represents a systematic pattern of documentation manipulation coordinated at the corporate level, not accidental recordkeeping errors.

## V. FEDERAL REGULATORY VIOLATIONS

### A. CMS Conditions of Participation

**42 CFR § 482.13(e):** Hospital must ensure that all deaths, injuries, and adverse events related to restraint or seclusion are reported to the administrator and other officials in accordance with state law and hospital policy.

**42 CFR § 482.24:** Medical record services must maintain complete, accurate medical records for each patient.[3]

---

[3] **42 CFR § 482.24:** "The hospital must have a medical record service that has administrative responsibility for medical records." **Application:** Systematic failure to maintain required records. **Source:** https://www.ecfr.gov/current/title-42/chapter-IV/subchapter-G/part-482/subpart-B/section-482.24

### B. Healthcare Fraud Implications

**18 U.S.C. § 1347:** Healthcare fraud through billing for physician services never rendered, supported by falsified documentation of medical encounters contradicted by witness testimony.[4]

---

[4] **18 U.S.C. § 1347:** "Whoever knowingly and willfully executes... a scheme... to defraud any health care benefit program..." **Application:** Billing for phantom physician services. **Source:** https://www.law.cornell.edu/uscode/text/18/1347

### C. Civil Rights Violations

**42 U.S.C. § 1985:** Conspiracy to interfere with civil rights through systematic evidence destruction designed to obstruct federal litigation.[5]

[5] **42 U.S.C. § 1985:** "If two or more persons... conspire... for the purpose of depriving... equal protection of the laws..." **Application:** Evidence destruction to obstruct litigation. **Source:** https://www.law.cornell.edu/uscode/text/42/1985

---

## VI. RELIEF REQUESTED

Plaintiff respectfully submits this Exhibit in support of the following relief:

### A. Spoliation Sanctions

FRCP 37(e) sanctions[2] and corresponding Nevada state rules for intentional destruction or suppression of relevant evidence.

---

[2] **FRCP 37(e):** "If electronically stored information... is lost... the court may order measures..." **Application:** Adverse inference for missing logs. See also Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2004) for spoliation adverse inference; see also Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002) (spoliation intent); see also Chin v. Port Authority of New York, 685 F.3d 135 (2d Cir. 2012) for spoliation intent; see also Adkins v. Wolever, 554 F.3d 650 (6th Cir. 2009) for spoliation remedies. **Source:** https://www.law.cornell.edu/rules/frcp/rule_37

### B. Discovery Orders

Order compelling production of all:

- Restraint monitoring system data and electronic logs
- Badge access logs for all physicians and staff entering Plaintiff's room during June 28–29, 2025
- Nursing shift records, assignment sheets, and sitter documentation
- Billing records for physician services claimed during admission period

### C. Judicial Findings

- Judicial finding that missing restraint and sedation records were intentionally suppressed to obstruct litigation
- Adverse inference instruction regarding missing documentation in any jury trial

### D. Criminal and Regulatory Referrals

Healthcare fraud investigation into billing for physician services never rendered

**Regulatory authority referrals to:**

- CMS (Centers for Medicare & Medicaid Services) for provider agreement violations
- The Joint Commission for accreditation standard violations
- HHS Office for Civil Rights (OCR) for systematic patient rights violations
- Nevada State Board of Nursing for professional conduct violations

### E. Injunctive Relief

Prospective relief requiring implementation of proper documentation protocols and monitoring systems to prevent future systematic evidence suppression.

---

## CONCLUSION

The systematic absence of federally required documentation, combined with witness testimony contradicting existing medical records, establishes a coordinated pattern of evidence suppression designed to obstruct federal civil rights litigation. The 48-hour timeline correlation with litigation threats demonstrates enterprise-level coordination rather than facility-level administrative failures.

This evidence supports both spoliation sanctions and criminal referrals for healthcare fraud, while establishing a foundation for adverse inferences regarding the unlawful nature of the undocumented interventions. **As supported by Exhibits D, X, BB, L (PAD); urgent discovery needed to prevent further harm, per Exhibit GG.**

---

**Respectfully Submitted,**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based on my knowledge and Exhibits B, D, L, X.

*/s/ Jade Riley Burch*

Jade Riley Burch
222 Karen Ave Unit 1207
Las Vegas, NV 89109
Email: jaderburch@gmail.com
Phone: 614-725-9452

**Date:** August 11, 2025

=====================================

# END SEPARATOR PAGE

=====================================

## *** END OF EXHIBIT ***