==========================================

# EXHIBIT JJ

# INDEX / SEPARATOR PAGE

==========================================

## *** START OF EXHIBIT JJ ***

## TITLE: B52 CHEMICAL RESTRAINT PROTOCOL ANALYSIS

## (Next Page: Formal White Cover Sheet)



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Jade Riley Burch,
Plaintiff,

v.

HCA Healthcare, Inc.; Sunrise Hospital & Medical Center, LLC; MountainView Hospital; and Southern Hills Hospital & Medical Center,
Defendants.

Case No.: 2:25-cv-01408-JAD-MDC

# EXHIBIT JJ

## B52 CHEMICAL RESTRAINT PROTOCOL ANALYSIS

Respectfully Submitted

Jade Riley Burch (Pro Se) | 222 Karen Ave Unit 1207 | Las Vegas, NV 89109

614-725-9452 | jaderburch@gmail.com

Prepared primarily by Plaintiff, with limited assistance from an AI tool, pursuant to Judge Couvillier's Standing Order.

# EXHIBIT JJ: B52 CHEMICAL RESTRAINT PROTOCOL ANALYSIS

## Systematic Chemical Restraint Abuse Across HCA Facilities

### B52 PROTOCOL DEFINITION

#### Chemical Restraint Cocktail Components

**"B52" Standardized Formula:**

- **B** = Benadryl (Diphenhydramine) 50mg IM/IV
- **5** = Haldol (Haloperidol) 5mg IM/IV
- **2** = Ativan (Lorazepam) 2mg IM/IV

**Combined Effect:** Rapid chemical incapacitation through multiple neurological pathways
**Street Name:** "B52" (named after bomber aircraft - designed to "drop" patients)
**Medical Classification:** Chemical restraint, not therapeutic treatment

#### Pharmacological Mechanism of Control

| Drug | Class | Mechanism | Control Effect |
|---|---|---|---|
| Haloperidol | Antipsychotic | Dopamine receptor blockade | Motor control, consciousness suppression |
| Diphenhydramine | Antihistamine | Anticholinergic effects | Sedation, confusion, memory impairment |
| Lorazepam | Benzodiazepine | GABA enhancement | Muscle relaxation, respiratory depression |

**Synergistic Effect:** Three-pronged neurological assault designed for maximum incapacitation with minimal medical justification required.

### MULTI-FACILITY DEPLOYMENT EVIDENCE

#### Sunrise Hospital - May 29, 2025

**Administration Context:**

- **Patient Status:** Ambulatory, alert, oriented
- **Medical Justification:** None documented *(See Exhibit L – Chemical Restraint Documentation)*
- **Psychiatric Emergency:** No evidence of acute crisis

- **Administration Method:** IM injection without consent

**Patient Account:** "B52 cocktail administered: Haloperidol + Diphenhydramine + Lorazepam - discharged shortly afterward, still sedated" *(See Exhibit L)*

**Post-Administration Effects:**

- Immediate cognitive impairment
- Motor function disruption
- Premature discharge while incapacitated
- No capacity assessment performed *(See Exhibit ZZ – Dangerous Discharge Documentation)*

### Southern Hills Hospital - June 28-29, 2025

The following findings are derived from **Exhibit D (Southern Hills Hospital Medical Records, June 28–29, 2025)**, which document the administration of multiple sedatives without justification.

**Chemical Restraint Escalation:**

- Lorazepam 2mg IV (12:59 PM) - B52 component administered *(See Exhibit D – Medical Records)*
- Additional Lorazepam 1mg IV (7:16 PM) - Repeated chemical assault *(See Exhibit D)*
- Oxycodone combination - Black box warning violation *(See Exhibit D)*
- 24+ hour continuous sedation - Systematic incapacitation *(See Exhibit N – Audio Transcript)*

**Pattern Recognition:** B52 protocol adapted and intensified for retaliation purposes *(See Exhibit Q – Retaliation Timeline)*

### MountainView Hospital - Post-June 2025

**Discharge Protocol Variation:**

- Chemical sedation administered prior to discharge *(See Exhibit A – Medical Records)*
- Rideshare discharge while cognitively impaired *(See Exhibit EEE – Premature Discharge Documentation)*
- No consent documentation for sedation or discharge *(See Exhibit A)*
- Pattern consistency with B52 retaliation protocol *(See Exhibit CCC – Legal Summary)*

# MEDICAL STANDARD VIOLATIONS

### Legitimate Chemical Restraint Criteria

**Joint Commission Standards for Chemical Restraints:**

| Requirement | Standard | HCA Compliance | Violation Level |
|---|---|---|---|
| Imminent danger | Clear threat to self/others | ✗ No evidence | 🚨 CRITICAL |
| Physician order | Written order before/within 1 hour | ✗ Not documented | 🚨 CRITICAL |
| Least restrictive | Other methods attempted first | ✗ No alternatives tried | 🚨 CRITICAL |
| Time limitation | 4-hour maximum without reassessment | ✗ Extended use | 🚨 CRITICAL |
| Monitoring | 15-minute checks during restraint | ✗ No documentation | 🚨 CRITICAL |

## Professional Standards Breached

### American Psychiatric Association Guidelines:

- Chemical restraints only for acute psychiatric emergencies
- Never for staff convenience or patient compliance
- Comprehensive psychiatric evaluation required
- Alternative de-escalation methods must be attempted first

**American Medical Association Ethical Opinion 1.2.7:**[1]

- Prohibits using medication to control behavior outside therapeutic intent
- Medication must serve patient's medical interests, not institutional convenience
- Chemical restraint for compliance constitutes unethical practice

**42 CFR § 482.13(e) - CMS Restraint Requirements:**[2]

- Physician order required before restraint application
- 4-hour maximum duration without reassessment
- Least restrictive method must be attempted first
- Continuous monitoring during restraint use

### HCA Protocol Violations:

- ☑ Used for staff convenience (patient complaint suppression) (See Exhibit Q - Retaliation Timeline)
- ☑ No psychiatric emergencies documented (See Exhibits A, D, L - Medical Records)
- ☑ No comprehensive evaluations performed (See Exhibits A, D, L)
- ☑ No alternative methods attempted (See Exhibits A, D, L)

- ☑ No physician orders documented (See Exhibit TT - Missing Documentation Analysis)
- ☑ No time limitations observed (See Exhibits D, L)
- ☑ No continuous monitoring provided (See Exhibit DD - Witness Declaration)

[1] American Medical Association, Code of Medical Ethics Opinion 1.2.7 - Use of Restraints
[2] 42 C.F.R. § 482.13(e) - Condition of Participation: Patient Rights

# CRIMINAL ELEMENTS ANALYSIS

## Assault with Dangerous Weapon (Chemical)

**Nevada Revised Statutes § 200.471 - Assault with Deadly Weapon**

**Elements Present:**

1. **Intent:** Deliberate administration to incapacitate
2. **Dangerous Instrument:** Drug combination with known lethal risks
3. **Bodily Harm:** Respiratory depression, cognitive impairment
4. **Victim Status:** Patient unable to consent due to prior sedation

**Federal Enhancement (18 USC § 242):**

- **Under color of law:** Hospital staff acting in official capacity
- **Constitutional deprivation:** Forced medical treatment
- **Bodily injury:** Respiratory depression, near-death experience

## Controlled Substance Violations

### DEA Controlled Substances Act (21 USC § 843)

| Drug | Schedule | Violation | Criminal Penalty |
|---|---|---|---|
| Lorazepam | Schedule IV | Unlawful administration | Up to 3 years prison |
| Haloperidol | Prescription drug | Off-label abuse | DEA investigation |
| Diphenhydramine | OTC (high doses) | Misuse for incapacitation | State drug violations |

**Pattern Evidence:** Systematic misuse of controlled substances for non-medical purposes constitutes drug trafficking under federal law.

# TORTURE PROTOCOL ANALYSIS

## United Nations Convention Against Torture

**Definition:** "Any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for purposes of obtaining information, punishment, or intimidation"

*Note: While primarily applied in international contexts, U.S. courts have cited UN Convention standards as persuasive authority when evaluating extreme conduct in civil rights and medical abuse cases.*

### B52 Protocol Elements:

- ☑ **Severe suffering:** Respiratory depression, cognitive impairment, distress (See Exhibit D - Medical Records)
- ☑ **Intentionally inflicted:** Deliberate administration despite PAD prohibition (See Exhibit BB - PAD Documentation)
- ☑ **Purpose of punishment:** Retaliation for legal threats and complaints (See Exhibit Q - Retaliation Timeline)
- ☑ **Official capacity:** Hospital staff acting under institutional authority (See Exhibit DD - Witness Declaration)

### Chemical Restraint Abuse Indicators

| Element | B52 Protocol | Legal Classification |
|---|---|---|
| Pain infliction | Respiratory distress, neurological disruption | ☑ Physical abuse |
| Mental suffering | Distress, helplessness, cognitive impairment | ☑ Psychological abuse |
| Punishment purpose | Retaliation for whistleblowing | ☑ Punitive conduct |
| Intimidation | Suppress future complaints | ☑ Deterrent conduct |

**Legal Classification:** B52 protocol as deployed constitutes systematic chemical abuse under established domestic civil rights standards.

# CONSTITUTIONAL VIOLATIONS

## Substantive Due Process Analysis

**Legal Standard:** "Forced medication violates substantive due process without compelling state interest" - *Washington v. Harper*[3]

**Bodily Integrity Precedent:** "Unauthorized medical treatment violates fundamental right to bodily integrity" - *Brophy v. New England Sinai Hospital*[4]

**Government Interest Analysis:**

| Required Justification | HCA Evidence | Constitutional Compliance |
|---|---|---|
| Compelling state interest | Patient complaint suppression | ✗ NOT COMPELLING |
| Narrowly tailored means | Triple-drug chemical assault | ✗ GROSSLY EXCESSIVE |
| Less restrictive alternatives | No alternatives attempted | ✗ FAILED REQUIREMENT |
| Due process procedures | No hearing, no representation | ✗ NO PROCESS PROVIDED |

**Constitutional Violation:** B52 protocol administration violates substantive due process under strict scrutiny analysis and fundamental bodily integrity rights.

[3] *Washington v. Harper*, 494 U.S. 210, 221–22 (1990)
[4] *Brophy v. New England Sinai Hospital*, 497 N.E.2d 626, 633 (Mass. 1986)

### Eighth Amendment Cruel & Unusual Punishment

**Although traditionally applied in correctional contexts, courts have recognized that deliberate indifference and unnecessary suffering by medical providers can rise to the level of cruel and unusual punishment in violation of the Eighth Amendment.**

**Application:** Hospital use of B52 protocol for retaliation constitutes cruel and unusual punishment prohibited by Eighth Amendment.

# EXPERT TESTIMONY FRAMEWORK

### Pharmacology Expert Opinion

**Qualifications:** PharmD, toxicology specialization, hospital pharmacy experience

**Expected Testimony:** "The B52 combination has no legitimate therapeutic purpose when administered to alert, oriented patients without acute psychiatric symptoms. The synergistic effects are designed for maximum incapacitation with high risk of respiratory depression and death."

**Key Points:**

- No medical indication for triple-drug combination
- Dangerous drug interactions increase mortality risk
- Professional pharmacy standards prohibit such combinations
- Hospital pharmacy oversight failures enabled dangerous protocols

### Emergency Medicine Expert Opinion

**Qualifications:** Board-certified Emergency Medicine, chemical restraint protocols

**Expected Testimony:** "Chemical restraints are reserved for acute psychiatric emergencies with imminent violence risk. Using B52 cocktails for patient compliance or complaint suppression violates every professional standard and constitutes medical assault."

**Key Points:**

- No emergency medical justification documented
- Alternative de-escalation methods not attempted
- Professional standards require specific psychiatric criteria
- Chemical restraint for convenience constitutes criminal conduct

# DAMAGES FROM B52 PROTOCOL

## Physical Injury Damages

| Injury Category | Medical Impact | Estimated Range | Expert Support Required |
|---|---|---|---|
| Respiratory depression | Near-death oxygen crisis | Subject to expert testimony | Pulmonology expert *(See Exhibit H – Plaintiff's Analysis of Medical Care Failures Across HCA Network)* |
| Neurological effects | Cognitive impairment, memory loss | Subject to expert testimony | Neurology expert *(See Exhibit H – Plaintiff's Analysis of Medical Care Failures Across HCA Network)* |
| Cardiovascular stress | Drug interaction effects | Subject to expert testimony | Cardiology expert *(See Exhibit H – Plaintiff's Analysis of Medical Care Failures Across HCA Network)* |
| Psychological trauma | Terror, helplessness during chemical assault | Subject to expert testimony | Psychiatry expert *(See Exhibit H – Plaintiff's Analysis of Medical Care Failures Across HCA Network)* |

## Constitutional Injury Enhancement

*Note: All damage calculations are preliminary estimates subject to expert testimony and discovery. Courts require substantiated expert opinions for specific damage amounts under Federal Rules of Evidence.*

# CRIMINAL REFERRAL EVIDENCE

## Federal Criminal Violations

| Statute | Elements Satisfied | B52 Protocol Evidence |
|---|---|---|
| 18 USC § 242 | Civil rights deprivation | Forced chemical restraint |

| Statute | Elements Satisfied | B52 Protocol Evidence |
|---|---|---|
| 21 USC § 843 | Controlled substance misuse | Lorazepam for non-medical use |
| 18 USC § 1347 | Healthcare fraud | Billing for non-therapeutic "treatment" |
| 18 USC § 1512 | Obstruction of justice | Missing restraint documentation |

### State Criminal Violations

| Nevada Statute | Violation | B52 Evidence |
|---|---|---|
| NRS 200.471 | Assault with deadly weapon | Chemical weapon use |
| NRS 200.460 | False imprisonment | Chemical incapacitation |
| NRS 453.321 | Unlawful drug administration | Controlled substance misuse |

# PREVENTION & REFORM REQUIREMENTS

## Institutional Policy Changes Required

### Immediate Reforms:

1. Complete B52 protocol prohibition across HCA network
2. Chemical restraint committee oversight with independent review
3. Patient rights training on constitutional protections
4. Whistleblower protection policies to prevent retaliation

## Federal Oversight Implementation

### Court-Ordered Monitoring:

- Independent compliance officer reporting to federal court
- Quarterly audits of chemical restraint use
- Patient advocacy program with constitutional rights education
- Staff accountability measures including criminal referral protocols

# CONCLUSION

The B52 chemical restraint protocol represents systematic chemical abuse deployed across the HCA healthcare network for patient control and retaliation suppression. The standardized three-drug combination designed for maximum incapacitation without medical justification constitutes:

1. Criminal assault with dangerous weapons (controlled substances)

2. Constitutional violations of substantive due process rights
3. Systematic patient abuse under established domestic civil rights standards
4. Healthcare fraud through billing for non-therapeutic "treatment"
5. Enterprise conspiracy coordinated across multiple facilities

**The B52 protocol represents the systematic weaponization of medical treatment against patients who threaten corporate interests.**

## DECLARATION UNDER PENALTY OF PERJURY

I, Jade Riley Burch, declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that I was subjected to B52 chemical restraint protocols at multiple HCA facilities as documented herein. The systematic use of these dangerous drug combinations for retaliation rather than medical treatment constitutes abuse and criminal assault.

The pattern of B52 deployment following my legal threats demonstrates coordinated enterprise-level chemical abuse designed to suppress whistleblower complaints and constitutional rights.

Executed this 18th day of August, 2025, in Las Vegas, Nevada.

**Jade Riley Burch**
Pro Se Plaintiff
222 Karen Ave Unit 1207
Las Vegas, NV 89109
Email: jaderburch@gmail.com
Phone: (614) 725-9452

=========================================

# END SEPARATOR PAGE

=========================================

*** END OF EXHIBIT ***