|   |   |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| Jade Riley, | 2:25-cv-01408-JAD-MDC |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY (*ECF NO. 4*)** |
| vs. | |
| HCA Healthcare, Inc. et al, | |
| Defendants. | |

Pro se plaintiff Jade Riley filed a *Motion for Pro Se Litigant to File Electronically* ("Motion"). *ECF No. 4*. The Court DENIES the Motion.

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. The pro se plaintiff paid the filing fee in this case, so the Court did not screen his Complaint. However, the Court notes that the plaintiff has filed four motions, an amended complaint, and various exhibits since filing the Motion. *ECF No. 7*, *11*, *12*, *13*, *18*, *21*, *24*. Plaintiff claims that granting the Motion would benefit the judicial economy because electronic filing would reduce paper filings to the Court, ensure that filings are immediately docketed, give automatic service to opposing party, facilitate efficient case management, and reduce cost and delays. *ECF No. 4* at 2. However, in this case, access to electronic filing may lead to a further increase in the number of filings by the plaintiff. This would burden, not benefit, judicial economy and make this case harder to manage. Therefore, the Court exercises caution and denies plaintiff's Motion at this time.

In addition, plaintiff is also warned against filing exhibits containing personal data identifiers, including private medical information. In the Amended Complaint, Exhibit A, B, and D contain the plaintiff's private medical records with personal data identifiers regarding hospital visits to MountainView, Sunrise PE, and Southern Hills. *ECF No. 7*, *Ex. A, B, D*. In addition, various exhibits in

plaintiff's *ECF No. 21* filing contain similar private medical information. *ECF. No 21, Ex. A, B, D.* Local Rule IC 6-1 directs the parties to refrain from filing documents that include personal data identifiers. Pro se litigants are expected to review and required to follow the rules of court, including the Federal Rules of Civil Procedure and the Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly,

**IT IS ORDERED that:**

1. Plaintiff Jade Riley's *Motion for Pro Se Litigant to File Electronically* (*ECF No. 4*) is DENIED.
2. Plaintiff's *Motion for Prompt Ruling on Pending Motion for Pro Se Litigant to File Electronically* (*ECF No. 7*) is DENIED AS MOOT.
3. Plaintiff may renew the motion within two weeks of an order at the Court's discretion allowing so.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 25th day of August 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge