UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jade Riley Burch<br><br>        Plaintiff,<br><br>vs.<br><br><br>HCA Healthcare, Inc., et al.,<br><br>        Defendants. | Case No.: 2:25-cv-01408-JAD-MDC<br><br>**ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 37)** |

Defendants filed a *Motion to Extend Time* (ECF No. 37) ("Motion") regarding their pending responsive pleadings to plaintiff's *Amended Complaint* (ECF No. 9). The Court GRANTS the Motion for the reasons set forth below. Defendants shall have until **September 30, 2025**, to file their responsive pleadings to the *Amended Complaint*.

**I.   PROCEDURAL BACKGROUND**

On September 11, 2025, defendants moved for an additional fourteen (14) day extension to file a response to plaintiff's *Amended Complaint*. ECF No. 37 at 1-2. Plaintiff previously agreed to a 21-day extension, which set the current deadline to file a response to September 16, 2025. Plaintiff opposes defendants' second request for an extension and proposes alternative relief for defendants. *See generally ECF No. 38*. On September 15, 2025, defendants filed their reply. *ECF No. 40*.

**II.   ANALYSIS**

**A.   Legal Standard**

Under Federal Rule of Civil Procedure (Federal Rule) 6(b)(1), "[w]hen an act… must be done within a specified time, the court may, for good cause with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]". Fed. R. Civ. Pro. 6(b)(1). Requests for extension of time should "normally ... be granted in the absence of bad faith on

the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

### B.      Defendants' Motion to Extend Time

While the Court recognizes plaintiff's opposition to a second extension, the Court finds defendants' request is not in bad faith and that they have met the burden to obtain a second, brief extension to file responsive pleadings to plaintiff's *Amended Complaint*. *See Ahanchian*, 624 F.3d at 1259 (reversing a denial of a Motion to Extend Time when it was made with good cause and "there was no reason to believe that [movant] was acting in bad faith or was misrepresenting his reasons for asking for the extension[.]").[1] Defendants ask for a second 14-day extension to file responsive pleadings. *ECF No. 37* at 1-2.[2] Defendants state that they need this extension to properly research and analyze the legal claims and authorities relating to plaintiff's claims. *Id.* There is nothing on the record to undermine or question defendants' statements or motivations for seeking another, brief extension. *See Ahanchian*, 624 F.3d at 1259. The Court further notes that plaintiff's complaint raises a variety of federal and state law claims. *See generally ECF No. 9*.[3] Defendants state they had to devote substantial time reading through the various motions filed by plaintiff in this matter, which the Court similarly has no grounds to question, and further justifies a finding of good cause to extend time here. *See* Fed. R. Civ. Pro. 6(b)(1); *see also Kerner v. U.S. Veterans Affair Med. Ctr.*, No. 2:23-cv-01872-JAD-MDC, 2025 WL 315146, at *2 (D. Nev. January 28, 2025) (stating that Federal Rule 6(b)(1) should be liberally construed to "effectuate the general purpose of seeing that cases are tried on the merits.")

---

[1] Plaintiff expresses concerns about also delaying defendants' response to his TRO Motion (ECF No. 34). However, defendants' Motion does not ask to extend time to respond to plaintiff's TRO Motion (ECF No. 34).
[2] Defendants timely filed this Motion. *See ECF No. 37*; *see also* Fed. R. Civ. Pro. 6(b)(1).
[3] Plaintiff brings claims under the Affordable Care Act (42 U.S.C. § 18116), Title III of the Americans With Disabilities Act (42 U.S.C. § 12182), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1964, et seq., "RICO"), the Emergency Medical Treatment & Labor Act (42 U.S.C. § 1395dd, "EMTALA"), and various state law bases. *See generally ECF No. 9*.

(citation omitted).

The Court considered plaintiff's opposition and proposed alternative relief to defendants' request for extension but such are not appropriate at this time. While some delays may be prejudicial, the additional 14-day continuance sought by defendant is not sufficient prejudice to deny defendants' Motion. *See Kerner*, 2025 WL 315146, at *2. Plaintiff argues that prejudice from risk of "time-sensitive material" being lost but plaintiff fails to identify any such specific evidence. Moreover, defendants are already under duty to preserve evidence they know or should know is relevant their defenses or plaintiff's claims, or that may lead to the discovery of relevant evidence. *See Patton v. Wal-Mart Stores, Inc.*, No. 2:12-CV-02142-GMN, 2013 WL 6158467, at *3 (D. Nev. Nov. 20, 2013) (citations omitted).

Finally, while plaintiff argues that defendants' Motion is part of a broader pattern of delay, plaintiff does not offer any evidence for the Court to consider and the Court's record does not support a bad faith pattern of delay. However, the Court cautions that in further requests for extensions regarding replying to the *Amended Complaint*, defendants must give more detailed reasoning on why good cause exists. *See Garrett v. Bullock*, No. 3:14–cv–00141–LRH–WGC, 2015 WL 4132047, at *2 (D. Nev. July 8, 2015) (stating that the Court has discretion to deny a Motion for Extension when the movant has repeatedly been unable to follow deadlines to file documents); *see also Manley v. Zimmer*, No. 3:11–cv–0636, 2014 WL 4471662, at *6 (D. Nev. Sept. 10, 2014) ("[I]t is the trial court's responsibility to exercise its discretion in granting or denying extensions of time as it manages the progress of litigation.").

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. Defendants' *Motion to Extend Time* (ECF No. 37) is **GRANTED**. Defendants have until **September 30, 2025**, to file responsive pleadings to the *Amended Complaint* (ECF No. 9).

2. The Court cautions that in further requests for extensions regarding replying to the *Amended Complaint*, defendants must give more detailed reasoning on why good cause exists.

DATED: September 18, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge