```
            FILED           RECEIVED
            ENTERED         SERVED ON
                     COUNSEL/PARTIES OF RECORD

                   SEP 1 9 2025

              CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
         BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jade Riley Burch,

Plaintiff, Pro Se,

v.

HCA Healthcare, Inc., et al.,

Defendants.

Case No. 2:25-cv-01408-JAD-MDC

*Prepared primarily by Plaintiff, with minimal assistance from an AI tool.*

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 34)**

**I. Introduction**

Defendants' four-page opposition (ECF No. 41) does not meaningfully engage Plaintiff's authorities or the 345 pages of sworn exhibits. It repeats the conclusion that Plaintiff "cannot meet the burden" and relies on ECF No. 14 as if nothing has changed. But this renewed motion presents a materially different record: sworn medical records, PAD and addenda, timestamped seizure logs, and documentary proof of discriminatory charting and restraint practices. Because Defendants do not grapple with this evidence or the controlling standards, the Winter factors are satisfied and immediate, narrowly tailored relief is warranted. Without immediate relief, Plaintiff remains exposed to the very harms already documented—recurrent seizures, unlawful chemical restraint, and

discriminatory denial of care. Each day of delay heightens the risk of seizure-related injury and further discriminatory denial of care.

Proceeding under LR 7-4, Plaintiff files this emergency reply and has served it by email and hand delivery for prompt consideration. This Reply is filed within the time permitted by LR 7-2(b).

**II. What's New Since ECF No. 14 (The First TRO)**

Unlike the barebones TRO denied in ECF No. 14, the renewed motion is supported by authenticated exhibits documenting ongoing statutory violations (all already filed with the Court), including:

• **Ex. A (MountainView, Mar. 22–24, 2025)** – Discharge during ongoing seizures without documented stabilization plan.

• **Ex. D (Sunrise, May 29, 2025)** – EMTALA screening/stabilization failures and unsafe discharge.

• **Ex. E (Southern Hills, Jun. 28–29, 2025)** – Chemical restraint without contemporaneous physician order or least-restrictive analysis.

• **Ex. F (Notarized PAD)** – Gender identity, seizure protocol, and reasonable-modification directives that were ignored.

• **Ex. NNN (2025 Seizure Logs)** – Frequency/severity trend showing ongoing, imminent risk.

• **Ex. QQQ (PAD Addendum & Chart Flags)** – Non-clinical "difficult patient" labels created after legal assertions, biasing care and access.

• **Ex. AAA (False TBI / Fraudulent Charting)** – Falsification/unsupported diagnoses bearing on EMTALA/§ 1557/ADA and § 1983 claims.

Defendants' opposition does not meet these facts head-on. Their reliance on ECF No. 14 is misplaced; the record, posture, and narrowness of relief sought are now different.

### III. Defendants Do Not Rebut Plaintiff's Showing Under Winter

#### A. Likelihood of Success / Serious Questions

The Ninth Circuit's sliding-scale applies: serious questions plus equities tipping sharply to Plaintiff support injunctive relief. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). The record raises far more than "serious questions" on EMTALA (failure to screen/stabilize before discharge), ADA Title III/§ 504 (failure to provide reasonable modifications; discriminatory chart flags; misgendering), and § 1557 (sex/gender identity discrimination) as documented in Exs. A, D, E, F, QQQ, AAA.

Defendants cite no authority refuting that these facts, if credited, violate the statutes. Their failure to engage controlling elements—screening and stabilization, reasonable modifications, and nondiscrimination—leaves Plaintiff's merits showing unrebutted. See *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (undeveloped argument treated as waived).

#### B. Irreparable Harm

The risk is not speculative: Plaintiff has recurrent seizures (Ex. NNN), prior denials of stabilizing care (Exs. A, D), and documented chemical restraints without physician order (Ex. E). These are quintessential irreparable harms. See *Beltran v. Myers*, 677 F.2d 1317, 1322 (9th Cir. 1982) (health-care access); *Chalk v. U.S. Dist. Ct.*, 840 F.2d 701, 709 (9th Cir. 1988) (disability-based exclusions); *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (liberty and health deprivations). The

deprivation of statutory and constitutional protections likewise constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## C. Balance of Equities

An order requiring compliance with federal law imposes no legally cognizable harm on Defendants. See *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013); *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852–53 (9th Cir. 2009). The only burden Defendants face is following existing statutory mandates, which cannot constitute harm. By contrast, Plaintiff faces acute medical and dignitary harms if the status quo persists.

## D. Public Interest

The public interest strongly favors emergency-care compliance, nondiscrimination, and preservation of medical evidence. See, e.g., *Sammartano v. First Judicial Dist. Ct.*, 303 F.3d 959, 974 (9th Cir. 2002); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Ensuring lawful EMTALA screening/stabilization and ADA/§ 1557 compliance promotes patient safety and institutional accountability.

## IV. Narrowly Tailored TRO

Pending further order, Plaintiff requests a limited injunction requiring Defendants to:

1. **EMTALA Screening/Stabilization.** Provide appropriate medical screening and stabilizing treatment for seizure activity; no discharge/transfer until stabilization or a documented safe plan exists.

2. **Chemical Restraints.** Prohibit sedatives/chemical restraints absent a contemporaneous physician order documenting emergent necessity and least-restrictive alternatives considered.

3. **PAD & Gender Identity.** Honor the notarized PAD (Ex. F) and legal gender marker; require staff to use correct name/pronouns and provide reasonable modifications under ADA/§ 1557.

4. **Evidence Preservation.** Preserve relevant ESI/video/audit logs/communications from March 1, 2025 to present, including triage, security, and quality-assurance systems.

5. **Compliance Contact.** Designate a compliance officer to oversee adherence and provide contact information to Plaintiff.

6. **Notice.** Provide 24-hour notice to Plaintiff before any non-emergent transfer or discharge.

Nothing in this Order prevents Defendants from providing emergency medical treatment consistent with accepted standards; it simply requires that treatment comply with existing federal law.

This relief mirrors statutory obligations and is strictly status-quo-preserving.

**V. Conclusion**

Plaintiff has satisfied Winter. Defendants' cursory brief does not overcome the sworn record now before the Court. The Court should grant the TRO or, at minimum, set an expedited evidentiary hearing.

**Dated: September 19, 2025**

Respectfully submitted,

**/s/ Jade Riley Burch**

Jade Riley Burch

222 Karen Ave, Unit 1207

Las Vegas, NV 89109

Tel: (614) 725-9452

Email: jaderburch@gmail.com

Plaintiff, Pro Se

**Certificate of Service**

I certify that on September 19, 2025, I served this Reply by hand delivery to Hall Prangle LLC, counsel for Defendants, at their Las Vegas office, and delivered it to the Clerk of Court for filing.

**/s/ Jade Riley Burch**

Jade Riley Burch

222 Karen Ave, Unit 1207

Las Vegas, NV 89109

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jade Riley Burch,

Plaintiff, Pro Se,

v.

HCA Healthcare, Inc., et al.,

Defendants.

Case No. 2:25-cv-01408-JAD-MDC

**[PROPOSED] ORDER**

Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 34) is **GRANTED**. Pending further order of the Court, Defendants shall:

1. Provide appropriate medical screening and stabilizing treatment for seizure activity; no discharge or transfer until stabilization or a documented safe plan exists;
2. Refrain from administering sedatives/chemical restraints absent a contemporaneous physician order documenting emergent necessity and consideration of less restrictive alternatives;
3. Honor Plaintiff's notarized PAD and legal gender marker, including correct name/pronoun usage and reasonable modifications consistent with the ADA and 42 U.S.C. § 18116 (§ 1557);

4. Preserve relevant ESI, video, audit logs, and communications from March 1, 2025 to present, including triage, security, and quality-assurance systems;

5. Designate a compliance officer responsible for ensuring adherence to this Order and provide that officer's contact information to Plaintiff within 48 hours; and

6. Provide 24-hour notice to Plaintiff before any non-emergent transfer or discharge.

Nothing in this Order prevents Defendants from providing emergency medical treatment consistent with accepted standards.

**IT IS HEREBY ORDERED.**

**Dated: _____, 2025**

_____

**JENNIFER A. DORSEY**

**UNITED STATES DISTRICT JUDGE**