**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jade Riley Burch, | Case No.: 2:25-cv-01408-JAD-MDC |
| Plaintiff, | **ORDER DENYING MOTION TO EXPEDITE (ECF NO. 13)** |
| vs. | |
| HCA Healthcare, Inc., *et al.*, | |
| Defendants. | |

Plaintiff filed a *Motion for Expedite Discovery* (ECF No. 13) ("Motion"). For the reasons stated below, the Court **DENIES** the Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This is a civil action arising out of plaintiff's alleged mistreatment while at defendants' facilities in violation of "federal emergency medical treatment law, disability discrimination statutes, and civil rights protections. *ECF No. 9* at 1. Plaintiff moved for expedited discovery, seeking various communications and records related to plaintiff's medical care, along with corporate policies and billing matters. *See ECF No. 13* at 7-9. Defendants opposed plaintiff's request for expedited discovery. *See generally ECF No. 32*.[1] Plaintiff filed a reply addressing defendants' opposition. *ECF No. 33*.

**II.    ANALYSIS**

**A.    General Standards**

"Generally, discovery does not commence until after the Rule 26(f) conference." *Sokolowski v. Adelson*, No. 2:14-CV-0111-JCM-NJK, 2014 WL 12607722, at *2 (D. Nev. January 30, 2014) (citing

---

[1] Defendants only appeared via counsel on August 25, 2025, and only received Notice of Service on the Motion on August 28, 2025. Therefore, the Court accepts defendants' response as timely.

1    Fed. R. Civ. P. 26(f)). Upon a showing of good cause, the Court may permit expedited discovery before

2    the Rule 26(f) conference. *See Carranza v. Koehn*, No.: 2:20-cv-01586-GMN-DJA, 2021 WL 4395070,

3    at *2 (D. Nev. September 23, 2021).

4         Courts can consider the following factors to determine if good cause exists, including "(1)

5    whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for

6    requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and

7    (5) how far in advance of the typical discovery process the request was made." *Id.* (citations omitted).

8    However, "there is no binding precedent establishing specific factors that must be analyzed before

9    expedited discovery can be ordered." *Carranza*, 2021 WL 4395070, at *2. Ultimately, the Court has

10   discretion to grant or deny the Motion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (stating

11   that trial courts have broad authority to permit or deny discovery); *Snow Covered Cap., LLC v. Weidner*,

12   No.: 2:19-cv-00595-JAD-NJK, 2019 WL 2648799, at *2 (D. Nev. June 26, 2019) (stating that courts

13   have wide discretion to grant or deny expedited discovery); *see also Kulkarni v. Upasani*, 659 Fed.

14   Appx. 937, 941 (9th Cir. 2016) (stating that Magistrate Judge did not abuse discretion when

15   "determining that expedited discovery would be overly burdensome" and that the plaintiff in the matter

16   had not established good cause).

17         **B.    Plaintiff Fails To Show That Good Cause Exists For Expedited Discovery**

18         Plaintiff claims that good cause exists for expedited discovery because defendants may destroy

19   evidence relevant to the litigation. *See ECF No. 13*; *see also ECF No. 33*. Plaintiff also claims that good

20   cause exists because defendants would not be unduly burdened in producing the evidence requested. *See*

21   *ECF No. 13*; *see also ECF No. 33*. While the Court understands plaintiff's reasoning, plaintiff fails to

22   show good cause for expedited discovery for the reasons below.

23   //

24   //

25

### i.  Defendants Already Have A Duty To Preserve Relevant Evidence

Plaintiff argues that expedited discovery is necessary because defendants may destroy relevant evidence according to their retention policies. *ECF No. 13* at 4-6 (noting also that the relevant evidence that would be destroyed is exclusively held by defendants and cannot be found elsewhere); *see also ECF No. 33*. However, defendants already have a duty to preserve evidence they should know is relevant to their defenses or plaintiff's claims, or that may lead to the discovery of relevant evidence. *See Patton v. Wal-Mart Stores, Inc.*, No. 2:12-CV-02142-GMN, 2013 WL 6158467, at *3 (D. Nev. Nov. 20, 2013) (citations omitted); *United States v. Semenza*, No. 2:22-cv-02059-APG-DJA, 2024 WL 5294520, at *2 (D. Nev. December 19, 2024), report and recommendation adopted sub nom. *United States v. Semenza*, No. 2:22-cv-02059-APG-DJA, 2025 WL 42311 (D. Nev. January 7, 2025). Parties can be sanctioned for destroying evidence (*i.e.,* spoliation). *See, e.g.*, *Jones v. Riot Hospitality Grp.*, 95 F.4th 730, 734-736 (9th Cir. 2024) (upholding a District Court sanction dismissing a case because of repeated violations of the duty to preserve evidence). Plaintiff offers no evidence and the Court finds nothing from the record indicating that defendants would destroy relevant evidence despite their duty.[2] Therefore, plaintiff fails to show good cause for expedited discovery when arguing that defendants could destroy relevant evidence.

### ii.  Plaintiff Requested Expedited Discovery Is Over Broad and Unduly Burdensome

Plaintiff also argues that defendants would not be unduly burdened because the requested expedited discovery only involve "routine business records" and are "limited to specific dates… directly

---

[2] Plaintiff also argues that expedited discovery is appropriate to preserve evidence on the speculation that defendants' alleged actions outlined in the *Amended Complaint* (ECF No. 9) could warrant criminal charges. *ECF No. 13* at 5. The Court notes that this matter is a civil case and plaintiff offers no evidence beyond speculation that defendants are being criminally investigated or charged. As stated above, defendants already have a duty to preserve evidence and can be severely sanctioned for destroying evidence.

relevant to the violations[.]". *See ECF No. 13 at 6; see also ECF No. 33*. However, plaintiff's requests include "complete" electronic "audit trails" relating to plaintiff's medical records, any billing record related to plaintiff's care at defendants' facilities, and "enterprise-wide policies evidencing RICO violations", among others. *ECF No. 13 at 1, 7-9*. The Court finds that plaintiff's requested evidence casts a broad net and would be burdensome for defendants to produce. *See id* (requesting also that defendants must produce all expedited discovery within thirty (30) days; Thus, the Court agrees with defendants that plaintiff's requested expedited discovery are over broad and unduly burdensome at this stage of the litigation. *See ECF No. 32 at 4*. Therefore, plaintiff fails to show cause for expedited discovery when arguing that defendants would not be unduly burdened. *See Aristocrat Tech., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 3639565, at *1-2 (finding no good cause partly because the expedited discovery requests were over broad and unduly burdensome).

### iii.    Plaintiff Does Not Seek Expedited Discovery Related or Narrowly Tailored To The Pending *Motion for Temporary Restraining Order* (ECF No. 34)

While neither party addresses this issue, the Court notes that plaintiff has a pending *09/02/2025 Motion for Temporary Restraining Order* (ECF No. 34) ("09/02/25 Motion for TRO"). The Court may find good cause for expedited discovery when the movant also seeks some form of preliminary injunction. *See Assuredpartners of Nevada, LLC v. L/P Ins. Servs., LLC*, No. 3:21-CV-00433-RCJ-CLB, 2021 WL 4928458, at *2 (D. Nev. Oct. 21, 2021). However, plaintiff does not seek expedited discovery related or narrowly tailored to the plaintiff's 09/02/25 Motion for TRO. *See Assuredpartners*, 2021 WL 4928458, at *2 ("A court may deny a motion for expedited discovery if a moving party seeks discovery that is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of the party's claims."); *compare ECF No. 34* (seeking injunctive relief preventing defendants from mistreating plaintiff while plaintiff is cared for at defendants' facilities and preserving evidence relevant to the litigation), *with ECF No. 13 at 10* (seeking evidence for expedited

1    discovery that would support plaintiff's monetary federal claims rather than emergency injunctive

2    relief). Therefore, plaintiff filing the 09/02/25 Motion for TRO does not establish good cause for

3    expedited discovery. *See Assuredpartners*, 2021 WL 4928458, at \*2.

4              **iv.    Plaintiff Requested Expedited Discovery Is Well Ahead Of The Normal**

5                     **Discovery Timeline**

6         The Court also notes that plaintiff brings this Motion before defendants have responded to the

7    *Amended Complaint* (ECF No. 9), well ahead of the normal discovery timeline and further weighing

8    against expedited discovery. *See Wedge Water LLC v. Ocean Spray Cranberries, Inc.,* No. 21cv0809-

9    GPC(BLM), 2021 WL 2138519, at \*4-5 (S.D. Cal. May 26, 2021) (stating that requesting

10   expedited discovery when defendant had not answered or responded to the complaint and did not have

11   the same ability to conduct its own discovery weighed against granting expedited discovery).

12         **C.    Plaintiff's Argument For Expedited Jurisdictional Discovery Is Not Persuasive**

13        In the Reply (ECF No. 33), plaintiff argues for limited jurisdictional discovery because

14   defendants will move to dismiss defendant HCA Healthcare Inc. ("HCA") for lack of personal

15   jurisdiction. *ECF No. 33* at 4-5; *see also ECF No. 32* at 4 n.2 (stating that defendants will move to

16   dismiss HCA for lack of personal jurisdiction).[3] Foremost, plaintiff's argument is speculative and the

17   issue of jurisdictional discovery is not ripe. While defendants have signaled they will be filing

18   dispositive motions (*see ECF No. 32* at 4 n.2), such motions have not been filed. Moreover, plaintiff

19   seeks general, not jurisdictional, discovery in the Motion and only pivoted to making a general request

20   for jurisdictional discovery in plaintiff's Reply, which is not proper. *See Autotel v. Nev. Bell Tel. Co.*,

21

22   ---

     [3] The Court construes plaintiff's argument to be asking for alternative relief in light of defendants'

23   arguments in the Response and thus not in violation of LCR 12-1. *See* LCR 12-1 (stating that "the reply
     brief must only address arguments made in the response."). HCA is also the parent company of

24   defendants Mountain View Hospital, Southern Hills Hospital & Medical Center, and Sunrise Hospital &
     Medical Center, LLC. Defendants claims that HCA is a "Tennessee-based corporation." *ECF No. 32* at

25   4.

697 F.3d 846, 852 n.3 (9th Cir. 2012) (stating that arguments first raised in the reply brief are waived) (citation omitted); *Eruchalu v. U.S. Bank, Nat'l. Ass'n.*, No. 2:12–cv–1264–RFB–VCF, 2014 WL 12776845, at *2 (D. Nev. September 30, 2014) (stating that legal arguments should not be raised for the first time in a reply brief "because the opposing party is deprived of an opportunity to respond.").

### D.    Plaintiff Is Warned About Using AI and Citing Nonexistent or Misleading Authorities

Under Federal Rule 11 and the undersigned Judge's Standing Order ("Standing Order") (ECF No. 6), it is plaintiff's responsibility to check and verify the caselaw cited in plaintiff's court documents. "[A]lthough courts make some allowances for [a] pro se Plaintiff's failure to cite to proper legal authority, courts do not make allowances for a Plaintiff who cites to… nonexistent, [and] misleading authorities." *Saxena v. Martinez-Hernandez*, No. 2:22-cv-02126-CDS-BNW, 2025 WL 522234, at *4 (D. Nev. February 18, 2025) (citation omitted) (internal quotation marks omitted). As explained below, plaintiff cites two cases in plaintiff's Motion that are problematic.

Plaintiff cites "*Qwest Communications Int'l, Inc. v. WorldCom, Inc.*, 213 F. Supp. 2d. 1225 (D. Colo 2002)" to support the notion that Federal Rule 26(d)(1) "permits expedited discovery upon a showing of good cause." *ECF No. 13* at 2. That case citation **does not exist**. The closest case the Court found was *Qwest Commc'n Int'l., Inc. v. WorldQuest Networks*, 213 F.R.D. 418 (D. Colo. 2003), which stated that courts may grant expedited discovery under Federal Rule 26(d) upon a showing good cause. 213 F.R.D. at 419-20.

Plaintiff also cites *Semitool, Inc. v. Tokyo Eletron. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal 2002) when stating that good cause for expedited discovery exists when "(1) the requesting party demonstrates compelling need; (2) the information is not available through other means; (3) expedited discovery will not cause undue burden; and (4) the discovery is likely to lead to admissible evidence." *ECF No. 13* at 2. While the case citation is correct, that authority does not announce or outline the good

1  cause factors which plaintiff represents as authority from the case. *Cf. Semitool*, 208 F.R.D. at 276

2  ("Good cause may be found where the need for expedited discovery, in consideration of the

3  administration of justice, outweighs the prejudice to the responding party.")

4       Plaintiff disclosed using artificial intelligence ("AI") in helping with "case law verification."

5  *ECF No. 13* at 11. The Court notes that AI can be useful for pro se litigants to conduct legal research

6  and help write court documents. However, AI can often fake or hallucinated caselaw and misstate what

7  cases stand for. *See, e.g.*, *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489 (D. Wyo. 2025) (stating how AI

8  can hallucinate cases that do not exist). If plaintiff used AI to help cite the above problematic cases,

9  plaintiff must ensure that any future case citations made with the help of AI are properly verified.

10       The Court may sanction plaintiff if plaintiff cites nonexistent or misleading caselaw in the future,

11  whether or not generated or hallucinated by AI. The Court has wide authority and "broad discretion to

12  impose sanctions." *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). Under

13  Federal Rule 11(c), the Court can also order a party to "show cause why conduct specifically described

14  in the order has not violated [Federal] Rule 11(b)" and give the party notice and a "reasonable

15  opportunity to respond." Fed R. Civ. Pro 11(c)(1), (3). The Court may then issue Federal Rule 11

16  sanctions if it determines that case authority in a court filing is factually misleading. *See, e.g.*, *Robinson*

17  *v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 2609573 (W.D. Okla. September 9, 2025) (issuing

18  a Rule 11 sanction dismissing the case in part because plaintiff repeatedly cited nonexistent and

19  misleading caselaw); *see also* Fed R. Civ. Pro 11(c)(1). Such sanctions may include case-ending

20  sanctions, such as striking plaintiff's complaint.

21  **III.    CONCLUSION**

22       The Court denies the Motion and plaintiff's request for jurisdictional discovery. Plaintiff is also

23  warned about using artificial intelligence and citing nonexistent or misleading caselaw in the future.

24  //

25

ACCORDINGLY,

1.     **IT IS ORDERED** that plaintiff's *Motion for Expedited Discovery* (ECF No. 13) is **DENIED**.

2.     **IT IS FURTHER ORDERED** that plaintiff's request for jurisdictional discovery (ECF No. 33) is **DENIED**.

3.     Plaintiff is warned about using artificial intelligence and citing nonexistent or misleading caselaw in the future.

      **DATED**: September 26, 2025.

                                              _____

                                              Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.