UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jade Riley Burch, | Case No.: 2:25-cv-01408-JAD-MDC |
| Plaintiff | **Order Denying Motion for Temporary Restraining Order and Resolving Objections to Magistrate Judge Orders** |
| v. | |
| HCA Healthcare, Inc., et al., | [ECF Nos. 29, 34, 45, 48, 49] |
| Defendants | |

Pro se plaintiff Jade Riley Burch sues HCA Healthcare, Inc., Sunrise Hospital & Medical Center, LLC, MountainView Hospital, and Southern Hills Hospital & Medical Center for "systematic violations of federal emergency medical treatment law, disability discrimination statutes, and civil rights protections" related to Burch's treatment at those facilities.[1] I denied Burch's initial motions for a temporary restraining order and preliminary injunction because she didn't "properly support her motion or explain why she is likely to succeed on the merits of her claims[.]"[2] In a second attempt, she now moves for a temporary restraining order directing the defendants to "preserve all evidence related" to her care, "review and give due consideration to her" Psychiatric Advance Directive when screening her for future care, and remove "all non-clinical flags" in her medical notes.[3] Because Burch's renewed effort still fails to explain how her allegations or medical evidence show likely violations of the law, I deny her motion.

Burch also objects to several magistrate-judge rulings. United States Magistrate Judge Maximiliano D. Couvillier, III denied Burch's requests to file documents electronically and to

---

[1] ECF No. 9 at 1 (amended complaint).
[2] ECF No. 14.
[3] ECF No. 34.

expedite discovery[4] and granted the defendants' motion to extend time to file a responsive pleading to Burch's complaint.[5] She contends that each of these rulings was erroneous.[6] I affirm the magistrate judge's rulings denying Burch's motion to expedite discovery and granting the defendants additional time to file their responsive pleading because Burch hasn't shown that either of those rulings are clearly erroneous or contrary to law. But Burch's other objection is meritorious. Because the magistrate judge's denial of Burch's ability to file electronically unfairly limits her access to the courts and her filings so far do not justify limiting her to paper-only filings, I overrule that order and grant Burch's motion to file electronically. But this privilege comes with responsibility: Burch must strictly comply with this district's local rules for electronic filings and may only file documents specifically authorized by the Federal Rules of Civil Procedure and the local rules.

## Discussion

**A.     Burch hasn't met her burden to show that she is entitled to a temporary restraining order.**

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[7] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the

---

[4] ECF Nos. 28, 47.
[5] ECF No. 43.
[6] ECF Nos. 29, 45, 49.
[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

public interest."[8] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[9]

In her renewed motion, Burch argues that her medical records from March–June 2025, detailing encounters at MountainView Hospital, Sunrise Hospital, Summerlin Hospital, and Southern Hills Hospital, demonstrate violations of her rights under the Americans with Disabilities Act (ADA), Emergency Medical Treatment and Active Labor Act (EMTALA), and the Affordable Care Act (ACA).[10] She contends that Sunrise Hospital overlooked a pulmonary embolism that she developed while recovering from an earlier surgical procedure and, during a different visit, improperly gave her a "B52 chemical restraint cocktail"—a combination of medications used to sedate patients—and then discharged her while she was unstable.[11] And she takes issue with her June 28–29, 2025, visit to Southern Hills Hospital for her seizure condition because the staff ignored her Psychiatric Advance Directive (PAD) and discharged her while she was still experiencing seizures.[12] She argues that the hospitals' actions have effectively denied her care and violated her rights. She also claims that some of those actions were taken in

---

[8] *Id.* at 20.

[9] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[10] *See generally* ECF Nos. 34, 34-1.

[11] ECF No. 34 at 7, ECF No. 34-1 at 116. I do not address every factual allegation Burch raises related to her medical care—only those that she directly ties to alleged violations of federal law. *See* ECF No. 34 at 9–10. But I have reviewed the entire record and have considered all of Burch's arguments for relief, and I conclude that none of them would change my finding that Burch hasn't met her burden for a TRO.

[12] ECF No. 34 at 7, ECF No. 34-1 at 3.

3

retaliation for her threatening to sue.[13] And she contends that HCA has placed administrative "difficult patient" flags on her account, which has interfered with her care.[14]

But Burch again fails to sufficiently explain how the records she attaches support her claims. As I explained in my previous order denying her preliminary injunctive relief, "the burden is on Burch to analyze the facts and evidence she presents under the legal standards applicable to each of her claims and explain why those facts warrant a finding that she is likely to succeed on the merits of those claims."[15] Though Burch has more clearly explained which exhibits she believes supports each claim in her complaint, she still fails to adequately identify the legal standards for those claims or explain why the exhibits prove that she is entitled to relief under those standards.

In some ways, the records seem to belie her claims. Burch contends that the records show that the hospitals discharged her "while she was actively seizing and/or failed to stabilize [her] before discharge" in violation of EMTALA.[16] But after a thorough review of Burch's exhibits and assuming without deciding that improper discharge can support a valid EMTALA claim, I cannot conclude that they show a likelihood of success on the merits of that claim. Her May 29, 2025, records from Sunrise Hospital show that her "valproic acid" levels were low, which Burch contends shows serious risk of seizure activity, but the hospital did nothing to correct that deficiency before discharge.[17] Valproic acid is used to treat seizures; it also goes by

---

[13] ECF No. 34 at 5, ECF No. 34-1 at 99–110.

[14] ECF No 34-1 at 99–110.

[15] ECF No. 14 at 2.

[16] ECF No. 34 at 8.

[17] ECF No. 34-1 at 44.

4

the brand name "Depakote."[18] Her visit summary shows that she was "loaded with Depakote" before discharge and "advised to take her medications as described."[19] So her claim that she was discharged with "critically low medication levels" and that her seizure condition was not stabilized are not borne out by the record. Nor has she shown that the hospital's alleged failures to consult with a neurologist or hold her for longer than four-and-a-half hours after she was given sedation medications amount to EMTALA violations.[20]

Burch also contends that the defendants' "systematic psychiatric mislabeling to justify denial of neurological care" and their "repeated[]" disregard of her notarized PAD demonstrate "a clear failure to provide equal access under" the ACA and the ADA.[21] But she does not explain why she believes her condition is being misdiagnosed, nor does she explain how a misdiagnosis is a violation of either statute. Her evidence also doesn't support her PAD-related claims. The PAD that Burch submits as evidence in this case was signed on June 6, 2025.[22] Only one hospital visit occurred after that date: her Southern Hills admission for seizure complications on June 28, 2025. And that record does not indicate that her psychiatric directives were ignored. Burch was admitted, her "partner was present in the room," and after Burch stated that "she [was] starting to feel better," she was discharged with the acknowledgement that she

---

[18] *See Valproic acid*, Mayo Clinic, https://www.mayoclinic.org/drugs-supplements/valproic-acid-oral-route/description/drg-20072931 (last visited Oct. 6, 2025).

[19] ECF No. 34-1 at 49.

[20] The court notes that some of Burch's exhibits, *see*, *e.g.*, Ex. Q, Ex. H, Ex. ZZ, contain analysis and argument. As a one-time courtesy, I consider Burch's arguments in those exhibits. But Burch is advised that all argument and analysis must be contained within the motion seeking relief and is subject to the page limits in L.R. 7-3. Future exhibits containing argument will be summarily disregarded.

[21] ECF No. 34 at 9.

[22] *See* ECF No. 34-1 at 58.

5

was already scheduled to begin a five-day stay at the Epilepsy Monitoring Unit (EMU) the next day.[23]  The record also suggests that she was discharged after a neurology consult.[24]  Nothing in this record indicates that her PAD was ignored.  Nor does Burch cite any authority to suggest that the failure to honor an advance directive necessarily violates the ADA or ACA.

Burch's last contention concerns her allegation that "all HCA facilities received internal alerts flagging her for 'difficult patient' status."[25]  In the exhibit that she cites to support her claim that these "non-clinical flags" were added to her account in retaliation for threatening to pursue legal action, she summarizes emails and other actions that she believes creates a timeline of retaliation.[26]  But she fails to provide any supporting evidence showing that those flags were actually added to her records or when those changes were made.  She also doesn't connect the creation of those non-clinical flags to any retaliatory conduct.

So, after thoroughly reviewing Burch's exhibits and arguments, I find that she has not met her burden to show that she is entitled to a TRO.  She fails to adequately explain how her medical records support her allegations or why those allegations amount to violations of federal law.  I thus deny her motion for a temporary restraining order.

---

[23] *Id.* at 4–39.

[24] *Id.*

[25] ECF No. 34 at 11.

[26] *See* ECF No. 34-1 at 99–110.  I deny Burch's request that this court take judicial notice of the timeline of retaliation she's created.  *See id.* at 109.  Courts may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately or readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Burch has not shown that the timeline of events she has created is judicially noticeable under this standard.

6

**B.     Burch's objection to the magistrate judge's denial of her motion to file electronically is sustained, but her other objections are overruled.**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[27]  This standard of review "is significantly deferential" to the magistrate judge's determination.[28]  A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[29] or a relevant statute, law, or rule has been omitted or misapplied.[30]

   *1.     Burch's litigation conduct thus far doesn't warrant denial of her motion to file electronically.*

The magistrate judge denied Burch's motion to file electronically as a pro se litigant, noting that she had already filed several motions and other documents in this two-month-old case and reasoning that "access to electronic filing may lead to a further increase in the number of filings by the plaintiff" and thus burden judicial economy.[31]  Burch objects to this characterization, stating that her filings have been reasonable and arguing that the magistrate judge's concerns are based on "speculation, not evidence."[32]

The record thus far in this case doesn't support the magistrate judge's denial of Burch's motion to file electronically.  Though Burch has filed several documents in this case, I find that it

---

[27] L.R. IB 3-1(a).

[28] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

[29] *Id.* (internal quotation marks omitted).

[30] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[31] ECF No. 28 at 1.

[32] ECF No. 29 at 3.

7

was a mistake of fact to conclude that her litigation conduct warrants this restriction. So I sustain Burch's objection, vacate the magistrate judge's order, and grant Burch's motion to file electronically.

Burch is advised that her filings must comply with the Federal Rules of Civil Procedure and this district's local rules, both of which are available on the district court's website.[33] The local rules contain several requirements for parties who are permitted to electronically file documents and exhibits.[34] Failure to comply with those requirements may result in her filings being struck by the court. She must also refrain from filing notices and exhibits that are unrelated to pending motions.

### 2. *The magistrate judge's grant of the defendants' motion to extend time was not erroneous or contrary to law.*

The magistrate judge granted the defendants' second motion to extend time to file their responsive pleadings, over Burch's opposition.[35] Burch contends that the magistrate judge overlooked her evidence purporting to show that this case is time sensitive and has misgendered her in his rulings which, to her, raises the appearance of bias.[36] The defendants respond that the magistrate judge's ruling was not error.[37]

I find that the magistrate judge's determination that the defendants showed good cause to warrant an extension of time to file responsive pleadings to Burch's complaint was not clearly erroneous, contrary to law, or based on a mistake of fact. He reasonably concluded that the two-

---

[33] https://www.nvd.uscourts.gov/.

[34] *See* L.R. IA 10-3; L.R. IC 1-1–7-1.

[35] ECF No. 43.

[36] ECF No. 45.

[37] ECF No. 53.

8

week-extension request was not made in bad faith or for the purposes of delay, noting that Burch had not pointed to anything in the record that would support her characterization that it was.[38] Burch argues that the magistrate judge ignored an exhibit she filed showing that one of her medical appointments was recently cancelled, which she contends shows that the defendants' retaliation against her is ongoing and imminently affecting her health.[39] But that exhibit does not indicate that the appointment was cancelled by medical staff or any of the particular defendants in this lawsuit: it merely says that it was "successfully cancelled as requested."[40] The record does not contain competent evidence to determine that this is one of the very rare cases that requires an expedited track.

So I find that the magistrate judge's grant of the defendants' motion to extend time was not clearly erroneous or contrary to law. Burch is advised that moving a case through the court system takes time. It often takes several years for a case to reach its conclusion. The court has hundreds of cases on its docket that all require equal attention and patience is required because it may take many months to resolve motions in this case.

### 3. *Burch's objection to the order denying her motion to expedite is overruled.*

Burch lastly contends that the magistrate judge erred when he denied her motion to expedite discovery.[41] In that order, the magistrate judge determined that Burch did not show good cause to conduct discovery before the parties' FRCP 26(f) conference, reasoning that her requests were too broad and she otherwise hadn't provided valid reasons to need discovery this

---

[38] ECF No. 43 at 3.
[39] ECF No. 45 at 2.
[40] *Id.* at 7.
[41] ECF No. 49.

9

early in the litigation.[42]  Burch objects to that decision because her requests "were specific and proportional" and the magistrate judge "ignored documented risk[s] of spoliation" and "included commentary unrelated to the motion that risks prejudicing [her] credibility."[43]

Burch's objections don't show that the magistrate judge erred.  She contends that her discovery requests were "time-limited, directly tied to pleaded claims, and proportional under Rule 26(b)."[44]  But her requests seek, among other things, "electronic health record audit trails documenting falsification of medical records" and "enterprise-wide policies evidencing RICO violations across HCA's massive healthcare network."[45]  I concur with the magistrate judge's assessment that those requests, at least for this early stage in the litigation, are overbroad.

Burch further contends that the magistrate judge ignored her argument that the defendants' standard document-retention policies would result in the destruction of medical records "within 30–90 days."[46]  But, as the magistrate judge pointed out, the defendants have had a duty to preserve evidence relevant to Burch's claims and defendants since the day they were served with this lawsuit.[47]  She presents no evidence to suggest that the defendants have not been complying with that duty.  So I reject Burch's argument that discovery is necessary to preserve evidence.

---

[42] ECF No. 47.
[43] ECF No. 49.
[44] *Id.* at 2.
[45] ECF No. 13 at 1.
[46] ECF No. 49 at 2.
[47] ECF No. 47 at 3.

Finally, Burch takes issue with the magistrate judge's warning about using AI tools to conduct research or write briefs in this case.[48] She contends that the magistrate judge incorrectly attributed some of her citations to AI hallucination and that including "commentary" on her use of "limited AI assistance . . . was unnecessary and risks prejudice."[49] I find that the magistrate judge's comments concerning AI do not warrant revisiting his findings. This court has been flooded with filings relying, at least in part, on AI for research and writing, and has been finding significant errors in those documents. The magistrate judge's statements concerning AI do not show prejudice but rather are meant to inform litigants of the extra diligence they must take when using AI assistance. And because those comments do not alter the magistrate judge's holdings concerning Burch's motion to expedite, I find that Burch's objection is overruled on this basis, too.

Burch relatedly filed a "notice of prejudice due to delay," contending that this litigation has stalled due to the defendants' requests for extensions.[50] But she moves to withdraw that notice, "recogniz[ing] that [it] is not necessary to adjudicate the issues presently before the [c]ourt and could be read as outside the standard motion framework."[51] Burch's motion is granted. She is correct that she should raise issues to this court only through motion practice, and she is advised that the court will not consider arguments or requests for relief made in notices.

---

[48] ECF No. 49 at 3.

[49] *Id.*

[50] ECF No. 46.

[51] ECF No. 48 at 1. Burch later filed a notice of withdrawal stating that she withdraws her "notice of prejudice due to delay." ECF No. 54. Burch is advised that, in the future, this is all she needs to do to withdraw filings on the docket. She need not seek leave from the court.

11

**Conclusion**

IT IS THEREFORE ORDERED that Jade Riley Burch's motion for a temporary restraining order **[ECF No. 34] is DENIED**.

IT IS FURTHER ORDERED that Burch's objection to the magistrate judge's order denying her motion to file electronically **[ECF No. 29] is SUSTAINED. Burch's motion to file electronically [ECF No. 4] is GRANTED**.

IT IS FURTHER ORDERED that Burch's objections to the magistrate judge's orders (ECF Nos. 43, 47) granting the defendants' motion to extend time and denying her motion to expedite discovery **[ECF Nos. 45, 49] are OVERRULED**.

IT IS FURTHER ORDERED that Burch's motion to withdraw **[ECF No. 48] is GRANTED**. The Clerk of Court is directed to STRIKE ECF No. 46.

_____
U.S. District Judge Jennifer A. Dorsey
October 7, 2025