1

2

3

4

5

Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
            COUNSEL/PARTIES OF RECORD

        OCT 1 4 2025

    CLERK US DISTRICT COURT
    DISTRICT OF NEVADA
BY: _____ DEPUTY

6

7

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9

10

11

12

13

14

15

| | |
|---|---|
| Jade Riley Burch, | Case No.: 2:25-cv-01408-JAD-MDC |
| Plaintiff. | |
| vs. | **PLAINTIFF'S OBJECTION AND MOTION TO STRIKE NEW EVIDENCE IN REPLY (ECF 58-1) OR, ALTERNATIVELY, FOR LEAVE TO FILE A LIMITED SUR-REPLY** |
| HCA Healthcare, Inc., et al., | |
| Defendants. | |

16

17

18

19

20

21

22

Plaintiff respectfully moves the Court to strike or disregard ECF 58-1—a new excerpt from HCA's 2024 Form 10-K (Note 1 – Accounting Policies) submitted for the first time with Defendants' reply (ECF 58). In the alternative, if the Court is inclined to consider ECF 58-1, Plaintiff seeks leave to file a limited sur-reply not to exceed three pages, and to submit pinpoint completeness excerpts from the same Form 10-K already in the record, under FRE 106.

23

24

25

This motion is supported by the following points and authorities and the Declaration of Jade Riley Burch.

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction and issue presented

Defendants' reply attaches ECF 58-1, a page from HCA's 2024 Form 10-K—Note 1 (Accounting Policies)—containing the sentence "HCA Healthcare, Inc. is a holding company whose affiliates own and operate hospitals." That page was not included with Defendants' opening motion and is not part of Plaintiff's limited 10-K excerpts filed with her opposition (ECF 55). Introducing evidence for the first time in reply is improper.

### II. Law: new evidence in reply is disfavored

The Ninth Circuit is clear: courts should not consider new evidence raised for the first time in a reply without giving the non-movant an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply... the district court should not consider the new evidence without giving the [non-movant] an opportunity to respond."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (arguments raised for the first time in reply are typically not considered).

### III. Record context and what is new here

**What Defendants added in reply:** ECF 58-1 (Form 10-K, Note 1 – Accounting Policies; PDF p. 122 / doc p. F-10).

**What Plaintiff actually filed with her opposition (ECF 55):**

- Form 10-K, doc p. 3 (definitions; "we operated 190 hospitals");

- Form 10-K, doc p. 52 (Item 2 – Properties; hospitals "directly or indirectly owned and operated by us"; Nevada 3 hospitals; 1,634 beds; ~2,031,000 sq. ft. HQ; regional shared-services);

- Q2-2025 press release, p. 3 ("operated 191 hospitals"; ~2,500 ambulatory sites).

None of Plaintiff's ECF 55 pages is Note 1/F-10. ECF 58-1 is therefore new.

## IV. Requested relief

**A. Strike or disregard ECF 58-1.** Because Defendants introduced Note 1/F-10 for the first time in reply, the Court should strike or disregard ECF 58-1 under *Provenz* and *Zamani*.

**B. Alternatively, allow a limited sur-reply and completeness pages.** If the Court is inclined to consider ECF 58-1, fairness warrants:

1. leave for Plaintiff to file a sur-reply of up to 3 pages, limited to addressing ECF 58-1; and

2. permission to submit pinpoint completeness excerpts under FRE 106 from the same 10-K already in the record (ECF 55): doc p. 3 and doc p. 52 (and the already-filed press-release p. 3).

These are party admissions under FRE 801(d)(2) and complete the accounting footnote Defendants selected.

### V. Conclusion

Plaintiff asks the Court to strike/disregard ECF 58-1. Alternatively, grant leave for a ≤ 3-page sur-reply and to lodge the pinpoint completeness pages from ECF 55.

**Dated:** October 13th 2025

**/s/ Jade Riley Burch**

Jade Riley Burch

Plaintiff, Pro Se

---

### DECLARATION OF JADE RILEY BURCH (28 U.S.C. § 1746)

I, Jade Riley Burch, declare:

1. I am the Plaintiff in this action.
2. On October 3rd 2025, I filed ECF 55, which includes: (a) Form 10-K doc p. 3 (definitions; "we operated 190 hospitals"); (b) Form 10-K doc p. 52 (Item 2 – Properties; hospitals "directly or indirectly owned and operated by us"; Nevada 3 hospitals; 1,634 beds; ~2,031,000 sq. ft. HQ; regional shared-services); and (c) Q2-2025 press release p. 3.

3. ECF 55 does not include the Form 10-K Note 1 – Accounting Policies page (PDF p. 122 / doc p. F-10) that Defendants attached as ECF 58-1.

4. If the Court permits a limited sur-reply, I will rely only on the pages already in ECF 55; any highlighting would be added solely for emphasis and the text would remain unaltered.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on** October 13th 2025, in Las Vegas, Nevada.

**/s/ Jade Riley Burch**

Jade Riley Burch