Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Jade Riley Burch,

      Plaintiff.

vs.

HCA Healthcare, Inc., et al.,

      Defendants.

Case No.: 2:25-cv-01408-JAD-MDC

**REPLY IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO SHOW CAUSE RE: FAILURE TO PRESERVE EVIDENCE**
(Precision Reply to ECF No. 64)

## I. INTRODUCTION

The duty to preserve evidence is a cornerstone of federal litigation, a duty Defendants' Opposition ignores in its entirety. Instead of providing substantive assurances or legal authority, the Opposition focuses on procedural complaints and litigation costs. It does not rebut a single fact regarding the unpreserved or missing evidence Plaintiff identified. Rather than providing a custodian's declaration or a simple assurance that a litigation hold is in place, Defendants offer only complaints about cost and threats of sanctions.

These arguments are irrelevant to the core issue of Defendants' compliance with their preservation obligations. The Opposition's failure to address its preservation duties confirms the necessity of this motion. The document's silence on every material preservation issue, including the existence of a litigation hold, the status of video and ESI, and the identity of a records custodian, speaks volumes. Judicial intervention is now necessary to prevent the irreparable loss of evidence.

## II. DEFENDANTS MISSTATE CONTROLLING PRESERVATION LAW

Defendants' central argument, that this motion is improper because Plaintiff "cited no court order," is contrary to established federal preservation law. A court order is not, and has never been, a prerequisite for the duty to preserve evidence. That duty is automatic and self-executing. It arises under the Federal Rules of Civil Procedure and is reinforced by decades of Ninth Circuit precedent.

The duty to preserve attaches the moment litigation is reasonably anticipated. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (duty attaches when a party has "'some notice that the documents were potentially relevant to the litigation before they were destroyed'"); *see also In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("[A] litigant is under a duty to preserve what it knows, or reasonably should know, is relevant in the action..."). Defendants' argument ignores the foundational principles of discovery in federal

court. Their failure to cite a single case supporting their position is a tacit admission that none exists. The duty to preserve arises from:

- **FRCP 26(a)** and the obligation for initial disclosures.
- **FRCP 34(a)** and the control of documents and ESI.
- **FRCP 37(e)** and the sanctions for failure to preserve ESI.
- The **Inherent Authority of the Court** to manage its docket and prevent abuse.
- Controlling **Ninth Circuit precedent** establishing litigation-hold obligations.

Defendants do not attempt to dispute this established legal framework. Their failure to acknowledge it is not a defense.

### III. DEFENDANTS' SILENCE ON MISSING EVIDENCE IS A CONCESSION

Plaintiff's motion identified numerous, specific categories of evidence that are either missing or at imminent risk of destruction, including security footage, telemetry data, audit logs, and internal communications. In response, Defendants' Opposition offers nothing but silence.

Defendants do not deny that:

- The specified electronic systems exist.
- These systems normally record and store the data at issue.
- The enumerated items were not produced.
- No litigation hold notice was ever communicated to Plaintiff.

- No certification of preservation from any custodian has been provided.
- No video, audio, or system audit trails have been preserved or logged.

In the face of specific allegations of spoliation, this silence is functionally a concession. Defendants had the opportunity to assure the Court and Plaintiff that they have taken reasonable steps. They refused.

### IV. DEFENDANTS' INVOCATION OF RULE 11 IS A TACTICAL DISTRACTION

Unable to rebut the motion on its merits, Defendants resort to threatening sanctions. This is an improper litigation tactic calculated to distract from the substantive issues. The law on preservation is well-settled. Under Federal Rule of Civil Procedure 37(e), sanctions are mandatory when ESI that should have been preserved is lost because a party failed to take reasonable steps to preserve it. Moreover, where a party acts with the "intent to deprive" another party of the information's use, the Court may impose severe sanctions, including default judgment. See Jones v. Riot Hospitality Grp. LLC, 95 F.4th 730, 735 (9th Cir. 2024) (affirming terminating sanctions for intentional deletion of ESI and noting that Rule 37(e) "foreclose[s] reliance on inherent authority" for ESI spoliation). Plaintiff's motion squarely addresses these statutory elements.

## V. DEFENDANTS' COMPLAINTS ABOUT COST ARE A CONFESSION

Defendants' complaint about cost is a confession. They incurred these fees only because they chose to file a lengthy opposition rather than provide a one-page declaration confirming their compliance with a fundamental legal obligation. These are costs of their own obstinance, not of this motion.

## VI. DEFENDANTS' RELIANCE ON UNPRODUCED AND INADMISSIBLE COMMUNICATIONS IS IMPROPER

Defendants reference unspecified "emails" in their Opposition, yet no such communications were attached, authenticated, or presented to the Court. Reliance on unproduced evidence renders those assertions legally meaningless. The Court cannot consider factual claims based on documents Defendants chose not to file.

Further, to the extent Defendants are referencing Plaintiff's settlement communications, such communications are categorically inadmissible under Federal Rule of Evidence 408. Any argument relying on compromise discussions is improper and should be disregarded. Defendants may not cite, imply, or characterize settlement communications for the purpose of defeating a preservation motion. Their failure to attach the referenced emails, combined with their reliance on inadmissible material, further undermines the credibility and procedural sufficiency of their Opposition.

## VII. DEFENDANTS' CLAIM OF "LACK OF SPECIFICITY" IS CONTRADICTED BY THE RECORD

Defendants' assertion that Plaintiff "never states with any specificity what Defendant allegedly did not preserve" is contradicted by the record. Plaintiff's motion provided a detailed preservation framework, including:

- A full exhibit index referencing preservation correspondence.
- A specific list of evidence categories at risk.
- Direct references to missing video, logs, and other ESI.

Defendants choose to ignore these specifics because they have no answer for them.

## VIII. THE NEED FOR JUDICIAL INTERVENTION IS CLEAR

While not binding, the reasoning in United Medical Supply Co. v. United States is persuasive. There, the court found a party's failure to confirm receipt of litigation hold notices, which led to the destruction of evidence, 'quite disturbing.' 77 Fed. Cl. 257, 271-72 (2007). This Court should find Defendants' similar failure here equally concerning and act to prevent the same outcome.

## IX. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants' Opposition should be disregarded as non-responsive to the legal and factual issues presented. Plaintiff respectfully renews her request for an Order requiring Defendants to show cause or, in the alternative, an immediate preservation order compelling the following relief:

1. **A sworn declaration** from an authorized custodian for Defendants identifying:
    - Each ESI system implicated by Plaintiff's preservation notice.
    - The precise date each litigation hold was implemented for each system.
    - The custodians responsible for implementing the hold.
    - The specific categories of data that have been preserved.
    - Any categories of data that are known to be lost, overwritten, or destroyed.
2. **A certification** that all ESI systems containing potentially relevant data have been locked from automatic deletion or overwriting.
3. **A preservation conference** or status report to be held within 14 days.

The Court should grant the motion and put an immediate end to Defendants' ongoing failure to preserve key evidence and their evasive litigation tactics.

**Dated:** November 25, 2025

**Respectfully submitted,**

/s/ Jade Riley Burch
**Jade Riley Burch**
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, I caused the foregoing Reply in Support of Plaintiff's Emergency Motion to Show Cause re: Failure to Preserve Evidence to be filed with the Court through the CM/ECF system. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule IC 4-1, service on all counsel of record is accomplished automatically by the Court's electronic filing system.

Dated: November 25, 2025

Las Vegas, Nevada

/s/ Jade Riley Burch
Jade Riley Burch
Plaintiff, Pro Se