Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jade Riley Burch,<br><br>            Plaintiff.<br><br>vs.<br><br>HCA Healthcare, Inc., et al.,<br><br>            Defendants. | Case No.: 2:25-cv-01408-JAD-MDC<br><br>**PLAINTIFF'S NOTICE OF JUDICIAL ADMISSIONS CONTRADICTING MOTION TO DISMISS (ECF NO. 51)** |

## INTRODUCTION

Plaintiff Jade Riley Burch, proceeding pro se, respectfully submits this Notice to bring the Court's attention to sworn judicial admissions in the record that directly contradict the factual basis and evidentiary foundation of Defendants' pending Motion to Dismiss (ECF No. 51). This Notice is submitted to highlight a dispositive conflict in Defendants' sworn statements for the Court's consideration in resolving the motion.

# I. DIRECTLY CONFLICTING JUDICIAL ADMISSIONS

Defendants' motion to dismiss HCA Healthcare, Inc. is predicated entirely on the assertion that it is a "non-operating holding company" with no control over its Nevada subsidiaries. *See* Curvin Affidavit, ECF No. 51-1. This sworn assertion directly conflicts with Defendants' own prior judicial admissions in their Certificate of Interested Parties.

**A. Judicial Admission: 100% Ownership and Control Chain**

In their sworn Certificate of Interested Parties ("CIP"), filed pursuant to LR 7.1-1, Defendants stated the following:

- "Healthtrust, Inc. – The Hospital Company owns 100% of the interest of Southern Hills Medical Center, LLC."
- "HCA Inc. owns 100% of common stock of Healthtrust, Inc."
- "HCA Healthcare, Inc. owns 100% of common stock of HCA Inc."

(ECF No. 42).

Under LR 7.1-1, a CIP is a mandatory, sworn disclosure intended to assist the Court in determining conflicts and control relationships. These statements are binding judicial admissions that establish a complete, 100% vertical ownership chain from HCA Healthcare, Inc. down to the Nevada hospital defendants.

**B. Contradictory Sworn Statement: No Control**

In the Curvin Affidavit filed to support their Motion to Dismiss, Defendants swore to the opposite:

- "HCA Healthcare, Inc. did not participate in, direct, or control the care and treatment provided to Plaintiff."

(ECF No. 51-1).

**These two sworn filings cannot be reconciled as a matter of law.** Defendants cannot simultaneously represent complete vertical ownership and deny control for litigation purposes. Federal courts treat such disclosures as conclusive. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Where a defendant makes sworn admissions establishing control, the Court cannot dismiss a parent entity for lack of involvement without converting the motion to summary judgment.

## II. CORROBORATING EVIDENCE OF CONTRADICTION

This conflict is further underscored by HCA Healthcare, Inc.'s own representations to the public and federal regulators. In its SEC filings, the company states: "References to 'HCA,' 'Company,' 'we,' 'our,' or 'us' refer to HCA Healthcare, Inc. and its affiliates." (ECF No. 58-1). Holding itself out as a single, unified operating enterprise to investors while claiming to be a disconnected

holding company in litigation presents a factual question that cannot be resolved on a motion to dismiss.

## III. PROCEDURAL IMPLICATIONS

Defendants' reliance on the contradicted Curvin Affidavit to challenge the pleadings triggers Federal Rule of Civil Procedure 12(d). When matters outside the pleadings are presented, the Court must either exclude the material or convert the motion to one for summary judgment. Given that Defendants' own filings create a clear factual dispute, dismissal based on the affidavit is procedurally improper.

Plaintiff respectfully requests that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of Defendants' sworn Certificate of Interested Parties (ECF No. 42) as a binding judicial admission of the corporate control relationships, and consider these conflicting sworn filings in ruling on the Motion to Dismiss.

## IV. CONCLUSION

Defendants have made sworn, binding admissions that establish the control relationships central to Plaintiff's claims. They should not be permitted to disavow those admissions through a contradictory affidavit to secure dismissal at the pleadings stage. Plaintiff respectfully submits that, based on these irreconcilable sworn admissions, the Motion to Dismiss cannot be granted on the present record.

**Dated:** December 4, 2025

Respectfully submitted,

**/s/ Jade Riley Burch**
Jade Riley Burch, Plaintiff Pro Se
Las Vegas, Nevada

## CERTIFICATE OF SERVICE

I certify that on December 4, 2025, I served the foregoing PLAINTIFF'S NOTICE OF JUDICIAL ADMISSIONS CONTRADICTING MOTION TO DISMISS (ECF NO. 51) by filing through the Court's CM/ECF system, which will notify all counsel of record electronically.

**/s/ Jade Riley Burch**
Jade Riley Burch