**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jade Riley Burch, | Case No.: 2:25-cv-01408-JAD-MDC |
| Plaintiff, | **ORDER DENYING MOTION TO SHOW CAUSE (ECF NO. 62)** |
| vs. | |
| HCA Healthcare, Inc., *et al.*, | |
| Defendants. | |

The Court has reviewed plaintiff's *Emergency Motion to Show Cause* (ECF No. 62) ("Motion").[1] For the reasons stated below, the Court **DENIES** the Motion.[2]

## I.    BACKGROUND AND PROCEDURAL HISTORY

This is a civil action arising out of plaintiff's alleged mistreatment while at defendants' facilities in violation of "federal emergency medical treatment law, disability discrimination statutes, and civil rights protections[.]" *ECF No. 9* at 1. This matter is pending two Motions to Dismiss by defendants. *ECF Nos. 50, 51.* Plaintiff now moves for the Court to order defendants to show cause for their alleged failure to preserve relevant evidence. *See ECF No. 62.* Plaintiff also requests for the Court to order defendants to file sworn preservation and litigation hold certifications. *See id.* Defendants oppose the Motion. *See generally ECF No. 64.* Plaintiff filed a reply addressing defendants' opposition. *ECF No. 67.*

//

---

[1] Plaintiff also filed a Notice of Errata to the Motion (ECF No. 53) to clarify minor clerical changes to the exhibits in the Motion.

[2] The Court also finds that the Motion is not an emergency because plaintiff failed to provide any facts establishing exigent or emergency circumstances.  Plaintiff only speculates that there is some – unestablished and unarticulated risk – that "critical evidence will be permanently lost[.]" *ECF No. 62* at 2. Plaintiff does not offer any evidence to support her argument. Plaintiff is cautioned that emergency requests are exceedingly rare and must be supported.

## II.    ANALYSIS

### A.    General Legal Standards

The duty to preserve evidence "arises when the party has some notice that the evidence may be relevant to litigation, or potential litigation." *Morris v. California Dep't of Corr. & Rehab., Div. of Juv. Just.*, No. CV 07-5954-JFW (CWX), 2008 WL 11340255, at *2 (C.D. Cal. July 31. 2008) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### B.    Plaintiff Does Not Provide Grounds To Grant The Motion

Plaintiff provides no grounds to grant the Motion. Plaintiff claims that defendants have refused to confirm that "preservation measures are in place" regarding material and relevant evidence in this matter. *ECF No. 64* at 1-4; *see also ECF No. 67*. Plaintiff argues that defendants' refusal to confirm that that relevant evidence has been preserved is "functionally a concession" that defendants have or will spoliate evidence. *ECF No. 67* at 3-4; *see also ECF No. 62* at 3-4. Sanctions, however, are not taken lightly by the Court nor should parties pursue or threaten them as general litigation or discovery strategies. The party seeking sanctions has the burden of establishing the following elements by a preponderance of the evidence:

(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind; and (3) that the evidence was relevant to the party.

*Santos v. Annikos*, No. 3:23-CV-00281-MMD-CSD, 2025 WL 1249131, at *1 (D. Nev. Apr. 30, 2025) (internal quotations and citations omitted).

Plaintiff's speculation that defendants have destroyed or will destroy evidence because they refuse to provide plaintiff with a certificate does not meet her burden. Plaintiff does not provide any evidence that defendants have spoiled any evidence.  Moreover, plaintiff does not identify any court order or directive that defendants violated for which they should show cause why they should not be sanctioned.

Plaintiff reliance on Federal Rules of Civil Procedure ("Rule") 26, 34, and 37(e) is unpersuasive. *See ECF No. 62 at 4; see also ECF No. 67 at 3.* Rule 26 outlines the general provisions governing discovery and the rules around required disclosures. *See* Fed. R. Civ. Pro. 26. Rule 34 outlines how parties can request, inspect, copy, test, or sample documents or electronically stored information held by the other party. *See* Fed. R. Civ. Pro. 34. Rule 37(e) outlines the sanctions courts may impose if they find that relevant information to a case "is lost because a party failed to take reasonable steps to preserve it[.]" Fed. R. Civ. Pro. 37(e). Plaintiff does not show how any of these rules require defendants to provide her with her requested certificate. To the extent that plaintiff requests that the Court use its inherent authority, the Court finds that the circumstances of this case do not merit granting the Motion. There is no discovery at issue nor any evidence that defendants have failed to produce any specific, relevant discovery because it has been destroyed or not preserved.

Plaintiff's reliance on *United Medical Supply Co. v. United States*, 77 Fed. Cl. 257 (2007) and *Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730 (9th Cir. 2024) in plaintiff's reply are not applicable to the circumstances here. *ECF No. 67 at 4, 6.* In *United Medical Supply*, the Court ordered the defendant there to file "a memorandum explaining the official document retention, preservation, and destruction policies." *United Medical Supply Co.*, 77 Fed. Cl. at 263. The Court in this case has not ordered the defendants here to file such a memorandum.

Similarly, in *Jones v. Riot Hospitality Grp. LLC*, the Ninth Circuit affirmed spoliation sanctions because, among other things, "there was ample circumstantial evidence that [the adverse party]

3

intentionally destroyed a significant number of text messages and collaborated with others to do so."

*Jones*, 95 F.4th at 735. Plaintiff has not provided any ample evidence of spoliation here.

**III.   CONCLUSION**

The Court denies the Motion for the foregoing reasons.

ACCORDINGLY,

**IT IS ORDERED** that plaintiff's *Motion to Show Cause* (ECF No. 62) is **DENIED**.

**DATED**: February 3, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.