MICHAEL E. PRANGLE, ESQ.
Nevada Bar No. 8619
ZACHARY J. THOMPSON, ESQ.
Nevada Bar No. 11001
HALL PRANGLE LLC
1140 N. Town Center Dr., Ste. 350
Las Vegas, NV  89144
(702) 889-6400 – Office
(702) 384-6025 – Facsimile
Email: efile@hallprangle.com
*Attorneys for Defendants*
*HCA HEALTHCARE, INC.;*
*SUNRISE HOSPITAL & MEDICAL CENTER, LLC;*
*MOUNTAINVIEW HOSPITAL; and*
*SOUTHERN HILLS HOSPITAL & MEDICAL CENTER*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JADE RILEY BURCH,<br><br>                     Plaintiff,<br><br>vs.<br><br>HCA HEALTHCARE, INC.; SUNRISE HOSPITAL & MEDICAL CENTER, LLC; MOUNTAINVIEW HOSPITAL; and SOUTHERN HILLS HOSPITAL & MEDICAL CENTER,<br><br>                     Defendants. | CASE NO.:  2:25-cv-01408-JAD-MDC<br><br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendants HCA HEALTHCARE, INC.; SUNRISE HOSPITAL & MEDICAL CENTER, LLC; MOUNTAINVIEW HOSPITAL; and SOUTHERN HILLS HOSPITAL & MEDICAL CENTER by and through its undersigned counsel, HALL PRANGLE LLC, hereby files this RESPONSE IN OPPOSITION TO PLAINTIFF'S FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.

DATED this 6th day of March, 2026.

HALL PRANGLE LLC

By: /s/ Michael Prangle
MICHAEL E. PRANGLE, ESQ.
Nevada Bar No. 8619
ZACHARY J. THOMPSON, ESQ.
Nevada Bar No. 11001
1140 N. Town Center Dr., Ste. 350
Las Vegas, NV  89144
*Attorneys for Defendants*

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

Page 1 of 16

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

**A. Plaintiff's Motion For Leave To File Second Amended Complaint Should Be Denied Without Prejudice Until the Ruling on the Defendants' Motions to Dismiss.**

1. *Procedural background relevant to resolving this motion***.** Defendant HCA Healthcare Inc. has a fully briefed Motion to Dismiss for Lack of Personal Jurisdiction, and, in the alternative Motion to Dismiss the First Amended Complaint that has been fully briefed since October 10, 2025. *See* ECF No. 58, Reply Brief. Defendant Hospitals (Sunrise Hospital Medical Center LLC, Mountain View Hospital, and Southern Hills Hospital and Medical Center) have a fully briefed Motion to Dismiss for Failure to State a Claim since that same date. *See* ECF No. 57, Reply Brief. Since October 10, 2025, plaintiff has made a number of filings on the docket – some styled as a motion, some styled as a "Notice," some styled as an "emergency motion," and some styled as "Erratas, translating into another 18 docket entries, all of which have been caused by the plaintiff with the exception of the Joint Discovery Plan.

Now, almost five months after the fully briefed motions to dismiss – and long past the 21 day window of time under Fed. R. Civ. P. 15(a)(1)(B) to amend as a matter of course – plaintiff has filed a sprawling Motion for Leave To File Second Amended Complaint, *see* ECF No. 62. Plaintiff proposes to *add ten new defendants* and a whole host of other content spanning approximately 50 pages longer than her operative FAC. *See* ECF No. 74-1. Another document was filed by plaintiff later that day, titled "Notice of Errata," which is a five-page document purporting to seek to add another two defendants. *See* ECF No. 75.

2. *The Court should deny the motion for leave to amend and rule on Defendants' Motions to Dismiss.*

While these Defendants recognize the general principle that leave to amend should be given freely, *see, e.g., Forman v. Davis*, 371 U.S. 178, 182 (1962), that principle is not unlimited and the Court has before it two fully briefed motions to dismiss. At its core, plaintiff has flooded this Court with multiple substantive filings since the conclusion of the motion to dismiss briefing in October 2025 – some of which are procedurally improper, *see, e.g.,* ECF No. 60 ("Notice"); No. 60

(Errata"); No. 65 ("Notice"); No. 66 ("Notice of Supplemental Litigation Material"), and vexatiously cause time and expense to these Defendants to investigate these filings some of which span 10, 20, or 30+ pages. This type of litigation activity complicates the work of this Court and prejudices the Defendants, who are left uncertain as to what is considered appropriately within the motion to dismiss record. While the gravamen of this case remains alleged mistreatment at three hospitals, plaintiff continues to crowd the docket with filings, "supplements," and "Notices," seeking to allege a vast conspiracy against her.

This Court can and should exercise its discretion and disregard all filings outside of the motion to dismiss briefing schedule, decide the motions to dismiss (fully briefed since October 10, 2025, and resolve the instant motion for leave to amend after the motions to dismiss). *See Recinos v. Health Ins. Comm'r of Washington State*, No. 3:23-CV-05612-JHC, 2023 WL 5207348, at *1 (W.D. Wash. Aug. 14, 2023) ("Throughout this case, Plaintiff has submitted numerous improper filings to the Court. Absent compelling circumstances, Plaintiff may not file any other motions or other filings (except for one amended complaint, as described below) until the Court reviews her amended complaint.").

In *Sanchez v. Gov't Nat'l Mortg. Ass'n*, No. 2:25-CV-01985-JAD-NJK, 2025 WL 3463730, at *1 (D. Nev. Nov. 12, 2025), *report and recommendation adopted*, No. 2:25-CV-01985-JAD-NJK, 2025 WL 3459811 (D. Nev. Dec. 1, 2025), Judge Koppe came to a similar conclusion. "Additionally, Local Rule 15-1(a) provides that a 'proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.' " *Id.* As in this case, plaintiff in that case "filed multiple amended complaints … the most recent of which adds defendants who were not included in the previous complaints, but fails to include all named defendants." As in this case, plaintiff has done the same thing. Judge Koppe further concluded "[t]herefore, the amended complaint is not "complete in and of itself." *Id.* (citing Local Rule 15-1(a)); *see also id.* (citing Fed. R. Civ. P. 10(a) violation).

Finally, plaintiff has demonstrated a pattern of this type of litigation conduct. In another case in this district, *Burch v. Navy Credit Union et al.*, Case No. 2025-cv-1897-MMD-DJA (D.

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

N.V.), filed two months after this case, plaintiff is already attempting to file her 3rd complaint of the litigation. *See* ECF No. 78, Defendant Navy Federal Credit Union's Response Brief. Plaintiff is also filing extraneous "Exhibits," "Notices," and "Erratas" in that case, causing significant motion practice and Court resources, all of which is occurring in this case. It would be in the interest of all parties to have a judicial ruling about the scope of the claims against these Defendants – and in particular for a ruling on Defendant HCA Healthcare Inc.'s motion to dismiss for lack of personal jurisdiction.

3. *If The Court Does Not Defer Rulings on the Motion for Leave to Amend Until Rulings on the Motions To Dismiss, then the Motion for Leave To Amend Should be Denied As The Amendments are Futile and Unfairly Prejudice Defendants.*

When dismissing a complaint, "a district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Valencia v. Juan*, No. 1:22-CV-0360 JLT EPG (PC), 2024 WL 1007234, at *2 (E.D. Cal. Mar. 8, 2024), *appeal dismissed*, No. 24-1839, 2024 WL 3175789 (9th Cir. May 28, 2024). "Leave to amend generally shall be denied only if amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith." *Id.* (citing *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008)). "These factors, however, are not given equal weight. Futility of amendment can, by itself, justify the denial of ... leave to amend." *Id.* (quoting *U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)).

According to plaintiff's motion (copied verbatim), she proposes to add the following ten defendants:

1. Parallon Business Solutions, LLC (HCA's revenue-cycle subsidiary that coded and submitted claims);

2. HealthTrust Workforce Solutions, LLC (HCA's staffing subsidiary that supplied personnel to the encounters);

3. Cinthya S. Cook, MSN/MHA, RN, CPPS (HCA's Director of Risk Management who received Plaintiff's complaints and initiated an enterprise-wide response);

4. Jonathan Yaghoobian, MD (attending physician, Southern Hills June 2025);

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

5. Brent J. Wright, DO (physician who documented critical care an eyewitness will testify was not performed);

6. James Bindrup, MD (treating physician, Southern Hills November 2023);

7. Rowena E. Achin, MD (attending physician, MountainView March 2025);

8. Alexander F. Akhavan, MD (requesting physician, Sunrise April 2025);

9. Tarik Alshaikh, DO (attending psychiatrist for the inpatient admission, Southern Hills December 2023, whose role was documented in the certified litigation production SHH-M000202 through SHH-M000451); and

10. Michael A. Orber and Michael A. Orber & Associates, Inc. (identified in the complaint-response chain preceding the June 2025 encounter).

While plaintiff lists out these proposed defendants and purports to assert causes of action against them, a look at the proposed SAC confirms her pleading deficiencies. Despite its length and the use of Artificial Intelligence to generate it (plaintiff says this at the end of her pleading), there are no plausible claims pled and the Court should deny leave to amend on futility grounds. *SmithKline Beecham, Inc.*, 245 F.3d at 1052.

Take, for example, proposed new defendants Michael A. Orber and Michael A. Orber & Associates, Inc. Plaintiff alleges that this "individual and principal of a California corporation based in Culver City, California" is "identified in the complaint-response chain and records-production pathway as a participant outside HCA's corporate family whose communications were directed to Nevada decision-makers and Nevada treatment operations in the period preceding the June 28, 2025 encounter." *See* ECF No. 74. "Complaint-response chain" and "records-production pathway" have nothing to do with any claims for relief upon which this Court may grant relief. Plaintiff further alleges that the Orber defendants "retaliated against plaintiff" allegedly in violation of 42 U.S.C. § 12203. That section of the United States code states that "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

Here, however, plaintiff never alleges that there was an "investigation, proceeding, or hearing under this chapter." Nor does she allege any factual allegations as to the Orber defendants that the Orber defendants "discriminated" against her based on plaintiff "oppos[ing] any act or practice made unlawful." At most, she states "on information and belief, Orber participated in complaint-response and retaliation communications with Cook and/or Nevada facility leadership preceding the June 28-29, 2025 encounter." *See ECF No. 74 at p. 57.* This type of speculative pleading – coupled with regurgitation of the word "retaliatory" – fails to plausibly allege a violation of the statute. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Again, plaintiff's complaint about the "June 28-29" encounter is her subjective disagreement with the medical care she received in the ED at Southern Hills Hospital, *see ECF No. 74 at p. 35,* ¶¶ 1-4). Accordingly, plaintiff fails to state a claim against the Orber defendants.

So, too, with proposed defendant Cinthya Cook. The allegations are entirely speculative. Every allegation starts with "On information and belief," *see ECF No. 74 at pp. 73-74,* followed by the *ipse dixit* conclusion that because plaintiff sent "pre-litigation notices on June 22 and June 26, 2025" and presented to the Southern Hills ED on June 28 and received what she classifies as inadequate medical treatment, Cook "retaliated" against her. While recognizing we are at the pleading stage, Rule 8 requires more than a "formulaic recitation of the elements of a cause of actions," and it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "pro se litigants are bound by the rules of procedure." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). These allegations simply do not fit within the ambit of 42 U.S.C. § 12203, designed to protect against an individual being discriminated against solely on the basis for engaging in protected activity in opposing unlawful conduct. The allegations do not meet these elements. *See* 29 U.S.C. § 794; *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017); 42 U.S.C. § 12182 (Title III of the ADA); § 1557 of the ACA.[1]

---

[1] These Defendants repeat the legal standards put forth in its original motion to dismiss that is still pending for ease of reference for Counts Five and Six. The Rehabilitation Act "prohibits organizations that receive federal funds, including health care providers, from discriminating against individuals with disabilities." *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 866 (9th Cir. 2022); 29 U.S.C. § 794. "To prevail on a Section 504 claim, a plaintiff must establish that

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

Likewise, proposed defendants four through nine are all physicians for which plaintiff again disagrees with the manner in which each provided particular medical care and treatment. *See, e.g. ECF No 74-1 at pp. 27 – 28* ("What Defendants Did" and alleging that "staff did not perform or document any seizure contraindication"; "staff" did not obtain informed consent for chemical restraint; "staff continued the Legal 2000 hold despite contemporaneous documentation reflecting calm, cooperative, and low-risk presentation…."); Defendants Jonathan Yaghoobian, M.D., Brent J. Wright, M.D.

For proposed defendant Tarik Alshaikh, D.O., only allegations exist in December 1, 2023 for false imprisonment, which are clearly barred by the statute of limitations. *See ECF No. 74 at pp. 64* (alleging "false imprisonment" because Dr. Alshaikh was the attending during her November 2023 in-patient psychiatric admission). *See Wilson v. Las Vegas Metropolitan Police Dep't*, 498 P.3d 1278, 1281 (Nev. 2021) (holding that NRS 11.190(4)(c) imposes a two year statute of limitations for false imprisonment claim). Here, plaintiff's attempt to add Dr. Alshaikh is far past two years from December 1, 2023 and thus time-barred.

For proposed defendant Jonathan Yaghoobian, M.D., the only allegation is that he "failed to intervene" during the Southern Hills ED admission, *see ECF No. 74,* and that such conduct constitutes "retaliation." This allegation fails to plausibly allege retaliation as that term is understood in the case law as cited above in the Cinthya Cook paragraph under 42 U.S.C. §12203 and 29 U.S.C. § 794(a). Plaintiff is again alleging a failure in what she believes as a layperson to be inadequate medical care – not retaliation based on being discriminated against for engaging in activity opposing unlawful discrimination.

For proposed defendant Dr. Wright, plaintiff says that he "fabricated billing," based on her interpretation of the medical record that Dr. Wright documented "37 minutes of critical care that

---

"(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive [a certain] benefit; (3) [s]he was denied the benefits of [a certain] program solely by reason of [her] disability; and (4) the program receives federal financial assistance." *Id.* (citing *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017)). Likewise, under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

an eyewitness will testify never occurred, and his billing entity, Fremont Emergency Services (Scherr), Ltd., submitted a separate out-of-network professional claim for those fabricated services." *See ECF No. 74 at 12.* Setting aside the implausibility of what plaintiff alleges, there is no case law to support the notion that this alleged conduct constitutes "retaliation" under the statutes listed above.

For Counts I – IV, the EMTALA Claims, they fail for the same reasons in Defendant Hospitals' Motions to Dismiss. There is nothing new or different and therefore Defendants incorporate herein their legal arguments for dismissal under Rule 12(b)(6).

For proposed defendants Parallon Business Solutions, LLC and HealthTrust Workforce Solutions, LLC along with these Defendants, plaintiff's count six, titled "sex and disability discrimination, "ACA Section 1557," 42 U.S.C. § 18116, is another example of deficient pleading, along with count five (retaliation). For the count six "sex discrimination" claim, plaintiff takes issue with the usage in the medical record of a diagnosis of "Gender Identity Disorder" as "obsolete" and the usage of "Transsexualism" in the MountainView Hospital record in 2025. *See ECF No. 74 at p. 58.* These allegations do not amount to "sex discrimination under these statutes." *See, e.g., Bax*, 52 F.4th at 866 (requiring plaintiff to plead that the plaintiff "was denied the benefits of [a certain] program solely by reason of his disability"); § 1557 of the ACA (requiring plaintiff allege that plaintiff's disability was the reason that plaintiff was "denied benefits" or "subject to discrimination." Taking plaintiff's allegations as true, medical coding in the medical record for which she disagrees with does not constitute a violation of any of the above statutes. There are no plausible allegations that any of the care providers put in those diagnoses for a discriminatory purpose of retaliating against plaintiff for an opposition she made to an alleged unlawful discriminatory act, or that they did so to deny her benefits based on an unlawful reason.

Accordingly, Counts Five and Six fail to state a claim.

Likewise, plaintiff's RICO claim (count seven) still fails to state a claim, even with the additional allegations and proposed additional defendants. At its core, plaintiff misunderstands the required elements of a RICO claim, fails to state a claim, and leave to amend should be denied as futile.

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

"A substantive civil RICO claim has five elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property." *Loomer v. Zuckerberg*, Case No. 23-3158, 2025 WL 927186, at *1 (9th Cir. Mar. 27, 2025) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *see* 18 U.S.C. §§ 1964(c), 1962(c) (cited in both *Loomer* and *Grimmett*)). "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Kesiraju v. Makker*, No. CV 23-9298-CBM-RAOX, 2024 WL 5516005, at *5 (C.D. Cal. Mar. 12, 2024) (citing *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)). "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims."

a.  No "enterprise" has been plausibly alleged by plaintiff.

First, plaintiff has failed to allege an "enterprise" in the proposed SAC. In sum, plaintiff states that "HCA's centralized risk management" combined with Parallon's "facility-level revenue-cycle operations" existed for the "ostensibly legitimate purposes of provided" healthcare and processing insurance claims in a manner that supports reimbursement and litigation and not actual medical events. *See ECF No. 74 at p. 45.* Again, this is plaintiff's way of repackaging her disagreement with the medical care she received, what she alleges she should have received, and what she alleges she did not receive. None of this conduct constitutes a federal "enterprise" under RICO as outlined above. *Grimmett*, 75 F.3d at 510. And while plaintiff may utilize and cite billing codes in her SAC there's no plausible allegations supporting this constitutes an "enterprise" as defined in the law cited above.

b.  No "pattern of racketeering activity" has been plausibly alleged.

Plaintiff's RICO claim fails to plausibly allege "racketeering activity," a necessary element of her claim. "A plaintiff must first establish a pattern of racketeering activity." *See Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 613 (2025) (citing 18 U.S.C. §§ 1962, 1964(c)). "Doing so requires identifying two or more predicate crimes within a single scheme that were related and that amounted to, or threatened the likelihood of, continued criminal activity." *Id.* (cleaned up). Here,

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

plaintiff has failed to plausibly plead "two or more predicate crimes." Plaintiff attempts to plead two predicate acts of "healthcare fraud under 18 U.S.C. § 1347" and "wire fraud under 18 U.S.C. § 1343." *See* ECF No. 9 at 20. She fails to plausibly do so.

Plaintiff's proposed SAC focuses on wire fraud under 18 U.S.C. § 1343. In the criminal context, "the government must show beyond a reasonable doubt that (1) 'the defendant knowingly participated in or devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises;' (2) 'the statements or representations ... were material;' (3) 'the defendant acted with the intent to defraud, that is, the intent to deceive and cheat;' and (4) 'the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.'" *See United States v. Fiore*, 779 F. Supp. 3d 1160, 1184 (D. Nev. 2025) (cleaned up) (applying the wire fraud statute that plaintiff pleads in this civil RICO case).

Plaintiff's new allegations in the SAC are grounded in her belief that there were billing errors for the medical services she allegedly did or did not (as plaintiff contends) receive. *See ECF No. 74 at pp. 30-31* (alleging 12 "predicate" acts based on alleged billing errors and discrepancies that she alleges exist between receiving her medical record before litigation and now during litigation). Unfortunately for plaintiff, these allegations do not establish (when taken as true) wire fraud under federal law. Put more directly, there are no plausible allegations that *any* of the defendants/entities listed in plaintiff's SAC that *any* defendant "acted with the intent to defraud, that is, the intent to deceive and cheat;' and (4) 'the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme." *Fiore,* 779 F. Supp. 3d at 1184. Nor are there factual allegations that any defendant "knowingly participated in or devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises." *Fiore*, 779 F. Supp. 3d at 1184. Additionally, plaintiff then alleges "parallel wire transmissions for the same underlying documentation," *see ECF No. 74 at 39-40.* While plaintiff may believe this to be true, that does not convert these allegations into federal wire fraud, based on the case law cited above.

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

Additional "predicate acts" that plaintiff relies upon are what she considers "false" medical diagnoses/conclusions. *See, e.g., id.* at pp. 31-32, 33-35. These allegations do not fit under either wire fraud or healthcare fraud under governing case law cited above. *See also In re Tracht Gut, LLC*, 836 F.3d at 1150-51 (stating that the court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations.").

The second alleged predicate by plaintiff is federal health care fraud statute, 18 U.S.C. § 1347, which makes it a crime to: "knowingly and willfully executes, or attempts to execute, a scheme or artifice to defraud any health care benefit program[.]…" *See* 18 U.S.C. § 1347(a)(1). There is no plausible allegation(s) of federal criminal health care fraud. To repeat what has been stated above, plaintiff disagrees with her medical care and simply re-packages it (and alleged "parallel" billing for it) as "fraud" and then cites the federal criminal statute. *See* ECF No. 74 at A review of Westlaw citations to civil RICO in the context of federal health care fraud reveals no legal support for plaintiff. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150-51 (9th Cir. 2016) (stating that the court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."). Plaintiff's newly proposed SAC simply does not clear the high hurdle that Fed. R. Civ. P. 9(b)'s particularity requirement requires of it *for the required elements of the predicate acts.* In addition, the *mens rea* required of a federal criminal statute of "knowingly participat[ing] in or devis[ing] a scheme or plan to defraud for the purpose of obtaining money or property by means of false pretense," is notably absent throughout the proposed SAC for all of the defendants, which is fatal to her ability to successfully avoid futility.

c.    Plaintiff cannot plausibly plead proximate cause for a RICO claim.

As cited at length in defendants' currently pending motions to dismiss, plaintiff's RICO claim fails because she cannot plausibly allege that a RICO violation "proximately caused an injury" to her "business or property." *Thomas v. Baca*, 308 F. App'x 87, 88 (9th Cir. 2009) (citing *Canyon Cnty. v. Sygenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). Nothing in her SAC fixes this glaring pleading deficiency. If anything, it confirms why the Court should deny as futile her leave to amend and include RICO claims. At most, plaintiff alleges inadequate medical care and that "through discovery" she will be able to compare billing. Indeed, "where RICO is asserted

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant." *RJ v. Cigna Health & Life Ins. Co.*, 625 F. Supp. 3d 951, 961 (N.D. Cal. 2022) (citing *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 914 (C.D. Cal. 2012) (cleaned up). Accordingly, the Court can conclude that plaintiff has failed to state a RICO claim and leave to amend should be denied.

Finally, plaintiff attempts to plead a § 1962(d) RICO violation. § 1962(d) states "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section." *Id.* This claim fails because plaintiff failed to adequately plead facts to state a substantive RICO claim. Additionally, there are no allegations of "conspiring" between any of the defendants, and for that independent reason, plaintiff fails to state a claim. *See Best v. Combs*, No. CV 24-9751 PA (SKX), 2025 WL 2977134, at *7 (C.D. Cal. Sept. 19, 2025) ("To state a claim under 18 U.S.C. § 1962(d), a plaintiff "must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Id.* (citing *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)).

*Count 9.* Plaintiff fails to allege a plausible § 1985(3) claim against Defendants. "To properly allege a conspiracy under § 1985(3), a plaintiff must allege that "*two or more*" persons conspired to deprive an individual of his constitutional rights, 42 U.S.C. § 1985(3), one of which must be a state actor." *Varner v. Univ. Med. Ctr. of S. Nevada*, No. 2:24-CV-02105-CDS-EJY, 2025 WL 42250, at *3 (D. Nev. Jan. 7, 2025) (quoting *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) ("[Section] 1985(3) requires at least one of the wrongdoers in the alleged conspiracy to be a state actor.")) (citing *United Bhd of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 830 (1983). Here, plaintiff's claim is frivolous as there are no state actors alleged in the proposed SAC. Moreover, plaintiff's count fails for the additional reason that plaintiff has failed to allege a conspiracy to deprive her of an individual constitutional right, another element. *Id.* Accordingly, the Court should dismiss this claim for that additional reason.

*Count Ten.* Plaintiff again alleges a "fraud/record falsification, and billing misrepresentation" "against all defendants." *See ECF No. 74 at p. 62.* "Averments of fraud must

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (cleaned up). "A party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *Id.* Here, plaintiff does not even allege basic, non-fraud factual allegations or information – just her disagreement with the medical care and treatment and the billing for those services. The proposed SAC does nothing to change this conclusion and leave to amend should be denied as futile.

*Count Eleven.* Plaintiff again attempts to allege a battery claim against Sunrise and Southern Hills. *See* ECF No. 9 at ¶ 62. She alleges that the administration of "chemical and physical restraints was an intentional, unauthorized touching without consent or legal justification, outside the scope of medical treatment." *See id.* Again, another example of conclusory legal conclusions.  "A battery is an intentional and offensive touching of a person who has not consented to the touching," and "[i]t is well settled that a physician who performs a medical procedure without the patient's consent commits a battery irrespective of the skill or care used." *Humboldt Gen. Hosp. v. Sixth Jud. Dist. Ct.*, 376 P.3d 167, 171 (2016). Courts typically only allow consent issues to proceed as battery claims in "those circumstances when a doctor performs an operation to which the patient has not consented. When the patient gives permission to perform one type of treatment and the doctor performs another, the requisite element of deliberate intent to deviate from the consent given is present." *Id.*

Here again, plaintiff's allegations establish she sought treatment – either voluntarily or through 911 calls and with an ambulance bringing her to the hospital – for treatment for which she does not factually allege that she did not need, but that she disagrees with, and that her "PAD explicitly withdrew consent and specified prerequisites were met." However, plaintiff presented to these two hospitals in the setting of psychiatric treatment for which it was provided (though for purposes of this response taking plaintiff's allegations as true), and Nevada law does not define intentional battery in the healthcare setting the way plaintiff has framed her battery claim. Accordingly plaintiff's batter claim must fail.

*Count Twelve.* Plaintiff continues to pursue a false imprisonment claim against Southern Hills, Janes Bindrup, M.D., and Tarik Alshaikh, D.O. *See* ECF No. 74 at pg. 64. As discuss above,

plaintiff's complaint against Dr. Alshaikh is barred by the statute of limitations as to the November 2023 claim and it is also barred for the same reason if it is being asserted against Dr. Bindrup for November 2023 conduct. *Id.* As with the FAC, plaintiff disagrees with the medical treatment that she received at Southern Hills. "False imprisonment is a restraint of one's liberty without any sufficient cause therefor. *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (1967) (cleaned up). As defined in NRS 200.460 "false imprisonment (as a crime) is an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority." *Id.* Here, plaintiff, again, disputes and alleges that the medical restraints while in the hospital were not appropriate; she does not allege that anyone from the Hospital Defendants falsely imprisoned her by bringing her into the hospital and without consent kept her there. In fact, the contrary is alleged. Plaintiff alleges in her EMTALA claim that she was discharged *too early* and when she was not medically stable. For each of these bases, she has failed to state a claim and the Court should dismiss this Count.

*Count Thirteen.* In a kitchen-sink type pleading fashion, plaintiff asserts "all defendants" committed IIIED claims against plaintiff. "In Nevada, the elements of an IIED claim are: '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress[,] and (3) actual or proximate causation.'" *Waters v. United States*, Case No. 221CV01719-CDS-EJY, 2023 WL 2504543, at *2 (D. Nev. Mar. 14, 2023) (citing *Olivero v. Lowe*, 995 P.2d 1023, 1025–26 (Nev. 2000)). Extreme and outrageous conduct is "that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Id.* (cleaned up). In *Waters*, as here, the plaintiff alleged sub-standard medical malpractice. The *Waters* court correctly applied Nevada Supreme Court precedent, summarizing it as follows:

> "The Nevada Supreme Court urges that "[i]n determining whether such a claim sounds in ordinary or professional negligence, we 'must look to the gravamen or substantial point or essence of each claim rather than its form."

*See Waters v. United States*, 2023 WL 2504543, at *3 (D. Nev. Mar. 14, 2023) (emphasis added).

Here, plaintiff's proposed SAC discusses her oxygen saturation levels "in the 60s during at least 32 induced seizures," *see ECF No. 74 at p. 55-56,* and again discussing her disagreement

with the entry of "DIFFUSE TBI" in the medical record. Under governing Nevada Supreme Court precedent as set out above, disagreement, or dissatisfaction with, a particular medical diagnosis or treatment falls short of constituting an IIED claim under Nevada law. Accordingly, the Court must dismiss this Count against "all defendants."

*Count Fourteen.* Plaintiff's newly proposed "failure of corporate governance and administrative oversight" claim against Defendant HCA Healthcare Inc. and HealthTrust WorkForce Solutions, LLC, is frivolous and vexatious. Plaintiff, yet again, takes her same allegations regarding the alleged failure to ensure the PAD requirements were put in place. A lot of legal buzzwords are used in this section about "decision-maker" and "corporate governance" but in the end, it is her disagreement with medical care. There are no recognized causes of action in Nevada in the context of patient healthcare. *In re Amerco Derivative Litig.*, 127 Nev. 196, 232, 252 P.3d 681, 705 (2011) ("[I]t is a fundamental principle of corporate governance that the directors of a corporation and not its shareholders manage the business and affairs of the corporation.").

## II.

## CONCLUSION

Accordingly, Defendants respectfully requests that the Court deny plaintiff's motion.

DATED this 6th day of March, 2026.

HALL PRANGLE LLC

By:    /s/ Michael Prangle
       MICHAEL E. PRANGLE, ESQ.
       Nevada Bar No. 8619
       ZACHARY J. THOMPSON, ESQ.
       Nevada Bar No. 11001
       1140 N. Town Center Dr., Ste. 350
       Las Vegas, NV  89144
       *Attorneys for Defendants, HCA HEALTHCARE, INC.;*
       *SUNRISE HOSPITAL & MEDICAL CENTER, LLC;*
       *MOUNTAINVIEW HOSPITAL; and*
       *SOUTHERN HILLS HOSPITAL & MEDICAL CENTER*

HALL PRANGLE LLC
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of HALL PRANGLE LLC; that on the 6th day of March, 2026, I served a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** as follows:

  X   United States District Court CM/ECF System;

_____ U.S. Mail, first class postage pre-paid to the following parties at their last known address;

_____ Receipt of Copy at their last known address:

JADE RILEY BURCH
222 Karen Ave., Unit 1207
Las Vegas, NV 89109
*Pro Per Plaintiff*

                              */s/ Reina Claus*
                              An employee of HALL PRANGLE LLC

**HALL PRANGLE LLC**
1140 NORTH TOWN CENTER DRIVE, STE. 350
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025