Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Jade Riley Burch,<br><br>Plaintiff.<br><br>vs.<br><br>SUNRISE HOSPITAL & MEDICAL CENTER, LLC; MOUNTAINVIEW HOSPITAL, INC.; SOUTHERN HILLS HOSPITAL & MEDICAL CENTER, LLC; et al.,<br><br>Defendants. | Case No.: 2:25-cv-01408-JAD-MDC<br><br>**STIPULATION AND ORDER TO EXTEND TIME TO SERVE DEFENDANTS ADDED BY THE SECOND AMENDED COMPLAINT AND TO ADJUST SCHEDULING ORDER DEADLINES**<br><br>**(First Request)** |

Plaintiff Jade Riley Burch, appearing pro se, and Defendants Mountain View Hospital, Southern Hills Hospital & Medical Center, and Sunrise Hospital & Medical Center, LLC (the "Appearing Defendants"), by and through their counsel of record, Hall Prangle LLC, stipulate and agree as follows, subject to the approval of the Court.1

**RECITALS**

1. On June 8, 2026, the Court granted Plaintiff leave to file a second amended complaint (ECF No. 85). Plaintiff filed the Second Amended Complaint on June 10, 2026 (ECF No. 86), with an errata the following day (ECF No. 87).

[1] Under LR 7-1, a stipulation that changes a deadline in a scheduling order or discovery plan must be approved by the Court to be effective, and stipulations with proposed orders are submitted in the form required by LR IA 6-2.

2. The Second Amended Complaint names seventeen defendants who were not parties to the prior pleading: seven professional and corporate entities, and ten individuals sued in their individual capacities (collectively, the “Added Defendants”). None of the Added Defendants has appeared in this action.

3. The Clerk issued summonses as to each of the seventeen Added Defendants on June 15, 2026 (ECF No. 88).

4. The summonses issued June 15, 2026 have not yet been served. During the service period, Plaintiff and the Appearing Defendants have pursued the resolution efforts described below. The requested extension would avoid bringing seventeen additional parties into the action immediately before the Court-ordered settlement conference while establishing a date certain for service if the action does not resolve.

5. The period to serve the Added Defendants runs from the filing of the Second Amended Complaint and expires on or about September 8, 2026.[2]

6. The Appearing Defendants moved to dismiss the Second Amended Complaint on July 8, 2026 (ECF No. 91). That motion is fully briefed and under submission, as is Plaintiff’s motion for leave to file a surreply (ECF No. 96).

7. Beginning June 9, 2026, the day after the Court granted leave to amend, Plaintiff and the Appearing Defendants have engaged in continuing communications directed at resolving this action. Those communications led to the parties’ joint request for a settlement conference.

---

[2] The service period “is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.” *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006). This stipulation is directed only to the defendants first named in the Second Amended Complaint and seeks no relief as to any defendant served earlier in this action.

8. On the parties' stipulation (ECF No. 97), which the Court granted (ECF No. 99), the Court set a settlement conference before Magistrate Judge Couvillier for November 23, 2026 (ECF No. 102).

9. Plaintiff filed a notice of completion of the Rule 26(f) conference on December 27, 2025 (ECF No. 69). The parties filed their joint stipulated discovery plan on January 9, 2026 (ECF No. 70), and the Court entered the scheduling order on January 13, 2026 (ECF No. 71). Under that order, initial expert disclosures are due October 19, 2026, rebuttal expert disclosures are due November 18, 2026, discovery closes December 18, 2026, dispositive motions are due January 15, 2027, and the joint pretrial order is due February 12, 2027.

10. No trial date has been set.

**GROUNDS FOR THE STIPULATION**

11. The parties agree that serving seventeen additional defendants in the weeks before the Court's settlement conference would generate appearances by separate counsel, responsive pleadings, motion practice raising questions that overlap with the motion already under submission, additional disclosure obligations, and discovery expense, all before the parties know whether any of that work will be necessary. Deferring service until shortly after the November 23, 2026 conference conserves the resources of the parties and of the Court without eliminating any party's rights or defenses.3

12. The Added Defendants have been parties to this action only since June 10, 2026, and summonses as to them issued five days later. Plaintiff's motion for leave to amend was under submission from February 21, 2026 until June 8, 2026, and no summons could issue, and no service

[3] The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

could be attempted, as to a defendant not yet named in an operative pleading. The relief sought here is requested well before the service period expires and before any deadline in the scheduling order has run.4

13. The extension carries that economy through the conference the Court has now set and fixes a date certain by which service will occur if the action does not resolve.5 Nothing about the relief sought here permits service to be postponed indefinitely or leaves any deadline open-ended.

14. The parties further agree that a service extension standing alone would create a scheduling problem. Discovery closes December 18, 2026. Under Rule 26(a)(1)(D), a later-served or joined party ordinarily has 30 days after service or joinder to provide initial disclosures, and ordinary written discovery likewise generally permits 30 days for a response.6 A defendant served on December 7 therefore may not have provided initial disclosures, answered the pleading, or responded to any written discovery before the existing cutoff. Absent a corresponding adjustment,

---

[4] A request to extend a deadline made "before the original time or its extension expires" is governed by Rule 6(b)(1)(A)'s good cause standard rather than the excusable neglect standard applicable after expiration. Fed. R. Civ. P. 6(b)(1)(A), (B). Good cause under Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment," and modification is warranted where the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[5] Rule 4(m) supplies two paths to an extension. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); accord *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) ("Rule 4(m) provides two avenues for relief."). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). That discretion extends even to requests made after the period has run: "On its face, Rule 4(m) does not tie the hands of the district court after the [service] period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . . period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The parties present this request jointly and before the service period expires.

[6] Fed. R. Civ. P. 26(a)(1)(D) provides that "[a] party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order." Responses to interrogatories, requests for production, and requests for admission are likewise due within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

neither Plaintiff nor the newly served defendants would have a meaningful period in which to conduct discovery.

15. The adjustments set out below preserve the structure of the schedule the Court entered. Each proposed date holds substantially the same relationship to the close of discovery that the current date holds, and the proposed expert disclosure dates allow no less than the intervals set by local rule.7 They do not disturb the settlement conference, the briefing or submission of the pending motion to dismiss, or any trial setting.

**SHOWING UNDER LR 26-3**

16. *Discovery completed.* Plaintiff filed a notice of completion of the Rule 26(f) conference on December 27, 2025 (ECF No. 69), the parties filed their joint stipulated discovery plan on January 9, 2026 (ECF No. 70), and the Court entered the scheduling order on January 13, 2026 (ECF No. 71). Discovery under that plan has proceeded solely as between Plaintiff and the Appearing Defendants and has included the exchange of institutional records, billing documentation, and electronic health record materials relating to the encounters at issue.

17. *Discovery remaining.* As to the Added Defendants, all of it. No initial disclosures have been exchanged with any Added Defendant, no written discovery has been propounded or answered, and no deposition has been taken or noticed. Remaining discovery includes initial

[7] LR 26-1(b)(3) ordinarily requires initial expert disclosures sixty days before the discovery cutoff and rebuttal expert disclosures thirty days after initial expert disclosures, unless the discovery plan otherwise provides and the Court so orders. Because the sixty-day interval is measured backward from the close of discovery, the "next day" for that computation is determined by counting backward. Fed. R. Civ. P. 6(a)(5); see Fed. R. Civ. P. 6(a)(1)(C). Sixty days before the proposed March 19, 2027 cutoff falls on January 18, 2027, a legal holiday, so the proposed date of January 15, 2027 is the first preceding day that is not a Saturday, Sunday, or legal holiday. The proposed dates allow not less than sixty days between initial expert disclosures and the close of discovery, and not less than thirty days between initial and rebuttal expert disclosures.

disclosures, written discovery, and depositions as to each Added Defendant who appears, together with any further records discovery directed to the encounters at issue.

18. *Reasons the remaining discovery was not completed within the existing limits.* The Added Defendants were not parties to this action until June 10, 2026, and no party discovery could be directed to defendants not yet named.[8] The timing of service, the time allowed for initial disclosures and responses to written discovery, and the need for depositions after document production make completion by December 18, 2026 impracticable if service is deferred through the settlement conference. The Court's settlement conference is set for November 23, 2026, and the motion directed to the operative pleading remains under submission.

19. *Proposed schedule.* As set forth in paragraph 20 below.

**STIPULATED TERMS**

20. Subject to the Court's approval, the parties stipulate that the following deadlines be extended:

| Deadline | Current | Proposed |
|---|---|---|
| Service on the Added Defendants | September 8, 2026 | December 7, 2026 |
| Initial expert disclosures | October 19, 2026 | January 15, 2027 |
| Rebuttal expert disclosures | November 18, 2026 | February 18, 2027 |
| Close of discovery | December 18, 2026 | March 19, 2027 |
| Dispositive motions | January 15, 2027 | April 19, 2027 |
| Joint pretrial order | February 12, 2027 | May 19, 2027 |

[8] Plaintiff's motion for leave to amend was filed February 21, 2026 (ECF No. 74) and remained under submission until June 8, 2026 (ECF No. 85). Plaintiff could not have served party discovery on, or effected service of process upon, the Added Defendants during that period.

21. If dispositive motions are timely filed, the deadline for the joint pretrial order shall be suspended and shall be thirty days after the Court's decision on those motions.9

22. The dates set out in paragraph 20 control. Any remaining interim deadline in the discovery plan not listed above shall be extended by ninety-one days, so that its relationship to the close of discovery is preserved.

23. Plaintiff will file proof of service as to each Added Defendant served, and will promptly advise the Court if the action resolves in whole or in part before the December 7, 2026 deadline.

**RESERVATIONS**

24. This stipulation is executed solely by Plaintiff and the Appearing Defendants. No Added Defendant has appeared in this action or joins in this stipulation. Hall Prangle LLC executes this stipulation only on behalf of the Appearing Defendants. Nothing in this stipulation constitutes acceptance or waiver of service for any Added Defendant.

25. Nothing in this stipulation waives, limits, or prejudices any defense, objection, or right of any party or of any Added Defendant, including any defense under Rule 12(b)(2), 12(b)(4), 12(b)(5), or 12(b)(6), any objection to the sufficiency or timeliness of service, and any statute of limitations or repose defense. All such defenses and objections are expressly preserved.

26. Nothing in this stipulation constitutes an admission by any party as to any fact, claim, or defense, or as to the merits of any claim in the Second Amended Complaint. The recitals concerning the parties' resolution efforts state only that communications have occurred and when they began. No party discloses, and nothing here reflects, the content of any communication, any position taken, or any offer or demand.

---

[9] This tracks LR 26-1, under which the deadline for the joint pretrial order is suspended when dispositive motions are timely filed and runs thirty days from the Court's decision on those motions. The parties propose the date certain and the rule-based alternative together so that the order operates correctly on either footing.

27. Nothing in this stipulation constitutes a representation by the Appearing Defendants concerning the identity, employment or contractual status, address, or whereabouts of any Added Defendant, and no party's agreement to this stipulation shall be construed as a position on any such question.

28. This stipulation does not seek to move the November 23, 2026 settlement conference, does not alter the briefing or submission of the pending motions at ECF Nos. 91 and 96, and does not change any obligation running between Plaintiff and the Appearing Defendants other than the deadlines identified in paragraphs 20 through 22.

29. If the Court rules on the pending motion to dismiss before service is completed, Plaintiff will conform service to the operative pleading and the terms of the Court's order.

30. Entry of the proposed order does not preclude any party from seeking further relief from the schedule upon a showing satisfying LR 26-3 and Rule 16(b)(4), and no party's agreement here shall be treated as consent to or opposition to any such future request.

**CERTIFICATION UNDER LR IA 6-1**

31. This is the first request to extend the time to serve the Added Defendants and the first request to adjust the deadlines in the scheduling order entered at ECF No. 71. The request is made before expiration of the affected deadlines, for the reasons stated above, and not for purposes of delay.

32. The parties submit this stipulation on the papers and are prepared to appear at the Court's convenience if the Court desires further explanation of the relief requested.

IT IS SO STIPULATED.

DATED this 21 day of August, 2026.

/s/ Jade Riley Burch
Jade Riley Burch
222 Karen Avenue, Unit 1207
Las Vegas, Nevada 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com
Plaintiff, Pro Se

/s/ Zachary J. Thompson, Esq.
HALL PRANGLE LLC
Michael E. Prangle, Esq.
Zachary J. Thompson, Esq.
1140 N. Town Center Drive, Suite 350
Las Vegas, Nevada 89144
mprangle@hpslaw.com
zthompson@hallprangle.com

*Attorneys for Mountain View Hospital, Southern Hills Hospital & Medical Center, and Sunrise Hospital & Medical Center, LLC*

**ORDER**

Based on the parties' stipulation, and good cause appearing,

IT IS ORDERED that the time to serve the defendants added by the Second Amended Complaint (ECF No. 86) is extended to December 7, 2026.

IT IS FURTHER ORDERED that the deadlines in the scheduling order entered at ECF No. 71 are extended as follows: initial expert disclosures are due January 15, 2027; rebuttal expert disclosures are due February 18, 2027; discovery closes March 19, 2027; dispositive motions are due April 19, 2027; and the joint pretrial order is due May 19, 2027, or, if dispositive motions are timely filed, thirty days after the Court's decision on those motions.

IT IS FURTHER ORDERED that any remaining interim deadline in the discovery plan not listed above is extended by ninety-one days.

IT IS FURTHER ORDERED that the settlement conference set for November 23, 2026 remains as scheduled.

DATED: August 21, 2026

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE